# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1889, IN THE SEVENTY-THIRD
YEAR OF THE STATE.

---

No. 13,250.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY *v.* CAULEY ET AL.

PLEADING.—*Negligence.*—*Facts Constituting.*—A failure to state, in detail,
the facts constituting negligence, does not render a complaint bad on
demurrer.

INTERROGATORIES TO JURY.—*What Improper.*—Interrogatories to the jury,
which call for answers as to mere matters of evidence and not facts, are
improper.

FORMER RECOVERY.—*Evidence.*—*Pleading.*—Where the only answer pleaded
to the cause of action stated in one paragraph of complaint is a general
denial, evidence of a former recovery under a plea addressed to an-
other paragraph is not available.

From the Montgomery Circuit Court.

*G. W. Easley, G. W. Friedley, A. D. Thomas* and *G. R.
Eldridge,* for appellant.

*G. W. Paul, J. E. Humphries* and *W. M. Reeves,* for ap-
pellees.

(142)

ELLIOTT, C. J.—The appellees' complaint contains three paragraphs, all seeking to recover damages for property burned by fire escaping from the track or locomotives of the appellant. The appellant unsuccessfully demurred to each of the paragraphs.

The objection that all of the paragraphs are bad because they do not specifically state the facts constituting the negligence imputed to the appellant, is not valid. It has often been decided by our own and other courts, that a failure to state, in detail, the facts constituting negligence, does not render a pleading bad on demurrer. *Ohio, etc., R. W. Co.* v. *Walker*,113 Ind. 196.

The interrogatories refused by the court were properly refused, because they called for answers as to mere matters of evidence. It is improper to ask interrogatories designed to elicit items of evidence, for the object of the statute is to obtain the facts, and not merely the evidence. The practice of propounding a great number of interrogatories has often been censured, and it is very doubtful whether, if many interrogatories are permitted, some proper and some improper, the court would not be justified in rejecting all instead of being compelled to select the good from the bad.

The jury allowed the appellees damages for injury to their land, but allowed them nothing for any other item in their complaint. It is, therefore, not material to inquire or decide whether there was or was not error in the instructions given upon other points, or in refusing instructions upon those points; but we think it proper to say that the instructions given by the court have been examined and found to be correct, and that we can not perceive that there was any material error committed in refusing those asked by the appellant. In so far as they expressed the law correctly, and were relevant to the case, they were fully embraced in those given by the court.

The plea of former recovery is addressed to the third paragraph of the complaint, and the first is the only one which

claims damages for an injury to the soil of the appellees; so that the plea does not reach that claim. If the plea had been addressed to the whole complaint, and had shown that the damages resulted from a single tortious act, then the appellant would probably have been entitled to recover on the evidence. *City of North Vernon* v. *Voegler*, 103 Ind. 314; *City of Lafayette* v. *Nagle*, 113 Ind. 425; *Crosby* v. *Jeroloman*, 37 Ind. 264.

But the only answer to the first paragraph of the complaint was the general denial, and as to the cause there declared on the evidence of a former recovery was not available.

We have given the evidence careful study, and, while impressed with the belief that the jury awarded the appellees more damages than we should have done, still we can not disturb the verdict, for it is sustained by the testimony of many witnesses.

Judgment affirmed.

