Gates v. Scott.

Filed April 30, 1890.

No. 14,131.

GATES v. SCOTT.

|     |     |
|-----|-----|
| 123 | 459 |
| 134 | 576 |
| 136 | 73  |
| 123 | 459 |
| 137 | 644 |
| 138 | 64  |
| 123 | 459 |
| 151 | 655 |
| 123 | 459 |
| 170 | 594 |

VERDICT.—*Contradictory Answers to Interrogatories.*—In an action against
an attorney to recover money collected by him, on notes placed in his
hands for collection, which he failed to pay over on demand, the jury
rendered a general verdict for the plaintiff, and also answered two in-
terrogatories, as follows : " 1. Did the plaintiff make a demand on the
defendant for payment before the commencement of this suit?" Answer.
" Yes." " 2. What was said when the demand was made?" Answer.
"' How soon can you make the collection?'" Defendant's motion for
judgment on the interrogatories was sustained.

*Held,* in an action to review the judgment, that the answers to the inter-
rogatories are contradictory, and that, therefore, judgment should
have been rendered on the general verdict.

*Held,* also, that the second interrogatory was improper, since it called for
a statement of evidence and not of fact.

JUDGMENT.—*Review of.—Motion for New Trial.— Overruling of.—Bill of Exceptions.*—In an action to review a judgment, in order that the overruling of a motion for a new trial in the former case may be considered in the Supreme Court, the ruling must be saved by a bill of exceptions filed within the time allowed.

From the Huntington Circuit Court.

*T. G. Smith,* for appellant.

*B. F. Ibach,* for appellee.

OLDS, J.—This was an action to review a judgment. The facts material to be considered in determining the question presented may be briefly stated as follows :

The appellant brought suit against the appellee to recover money collected by him as an attorney, on notes placed in his hands for collection, which he failed to pay over on proper demand. The cause was put at issue, by answer in denial, and a plea of payment denied by the plaintiff. The cause was submitted to a jury for trial.

The jury returned a general verdict in favor of the plaintiff against the defendant for $149.

Also, answered two interrogatories, as follows :  " 1. Did the plaintiff make a demand on the defendant for payment before the commencement of this suit?"

Answer.  " Yes."

2.  " What was said when the demand was made ?"

Ans.  " ' How soon can you make collection ? ' "

The defendant moved the court for judgment in his favor on the answers to interrogatories, and the court sustained the motion.  To which ruling of the court the plaintiff, at the time, excepted.

Within the proper time this action was brought to review the judgment for error of law.  The complaint for review fairly presents this ruling of the court as a cause for review.

The appellee demurred to the complaint for review, the cause of demurrer being want of facts to constitute a cause of action. The court sustained the demurrer. The appellant de-

clined to answer, and the court rendered judgment on demurrer for the appellee.

If the court erred in sustaining the appellee's motion, in the former action, for judgment on the answers to interrogatories, then the court erred in sustaining the demurrer to the complaint in this action for review. That the court did err in its ruling in sustaining the motion is so evident that it hardly seems necessary to point out the error, or cite authorities in conflict with such ruling.

It is a well-settled rule that a judgment will be rendered on answers to interrogatories only when they are in direct conflict and irreconcilable with the general verdict. *City of Greenfield* v. *State, ex rel.,* 113 Ind. 597 ; *McClure* v. *McClure,* 74 Ind. 108 ; *Kuhns* v. *Gates,* 92 Ind. 66; *McComas* v. *Haas,* 107 Ind. 512.

It is also well settled that when answers to interrogatories are inconsistent and antagonistic to each other the general verdict remains unimpaired, and controls the judgment. *Grand Rapids, etc., R. R. Co.* v. *Ellison,* 117 Ind. 234 ; *Wabash R. W. Co.* v. *Savage,* 110 Ind. 156 ; *Grand Rapids, etc., R. R. Co.* v. *McAnnally,* 98 Ind. 412.

If the answers to both of the interrogatories under consideration can be properly considered they do no more than to contradict each other. The first finds that there was a demand made for payment ; the second, if it means anything, is to the effect that the plaintiff, instead of demanding payment of defendant of the money collected, inquired of him how soon he could make collection on the notes, and is, in effect, answering that no demand was made, and is inconsistent with the first answer ; but the last interrogatory, and answer thereto, are improper, and the interrogatory should not have been submitted to the jury. It asks the jury to state the evidence, and not a fact. In the case of *Louisville, etc., R. W. Co.* v. *Cauley,* 119 Ind. 142, it is held, that interrogatories which call for answers as to mere matters of evidence, and

not facts, are improper. To the same effect is *Schnurr* v. *Stults*, 119 Ind. 429.

It follows, from these well-settled principles, that, at most, the interrogatories were antagonistic to each other, and therefore neutralized each other, and judgment should have been rendered on the general verdict; but the only fact stated by the jury in answer to the interrogatories sustained the general verdict. It was clearly error to sustain the appellee's motion for judgment on the answers to interrogatories, and the complaint in this cause stated a good cause of action to review the judgment, and the court erred in sustaining the demurrer to it. The complaint also alleges that the court erred in overruling appellant's motion for a new trial in the former case. The error, in this respect, is not properly presented. A review can only be had for such error as would have been available in the Supreme Court on appeal, and to have made the overruling of the motion for a new trial available on appeal, it would have been necessary to have filed a bill of exceptions within the time allowed; and it does not appear that any bill of exceptions was ever prepared, signed, or filed. *Rigler* v. *Rigler*, 120 Ind. 431; *Baker* v. *Ludlam*, 118 Ind. 87.

Judgment is reversed, at costs of appellee, with instructions to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.

Filed April 30, 1890.