Filed May 8, 1894.

---

No. 16,620.

## Heltonville Manufacturing Company et al. *v.* Fields.

MASTER AND SERVANT.—*Defective Machinery.—Personal Injury.—Knowledge of Defects.—Complaint.*—In action by a servant against the master for injuries sustained by reason of defective machinery, an allegation that the master knew of the defects, and that the servant had no knowledge thereof and could not observe the same, for stated reasons, it is sufficiently shown that the master and servant were not on an equality as to the observation of the defect.

PLEADING.—*Complaint.—Motion to Make More Specific.*—It is not error to overrule a motion to make a complaint more specific where the specific allegations could not have weakened the complaint, and were not essential to advise the defendant of the cause of action he is called upon to defend.

INSTRUCTIONS TO JURY.—*Refusal to Give.—Substantially Given in Others.*—There is no prejudicial error in refusing an instruction which is substantially included in instructions given.

SUPREME COURT PRACTICE.—*Waiver.—Failure to Argue Question.*—Questions not argued in the appellate tribunal will be deemed waived.

INTERROGATORIES TO JURY.—*Conflicting Answers.*—If answers to inter-

rogatories to the jury are themselves conflicting, they can not be set up as in conflict with the general verdict.

NEW TRIAL.—*Admission or Rejection of Evidence.—Practice.*—Where a reason for a new trial is the exclusion or admission of evidence, the motion must point out with reasonable certainty the evidences excluded or admitted.

SAME.—*Newly Discovered Evidence.—Affidavits not in Record.—Supreme Court Practice.*—Where the affidavits in support of a motion for a new trial, on the ground of newly discovered evidence, are not in the record, no question thereon is presented.

From the Lawrence Circuit Court.

*B. K. Elliott, W. F. Elliott* and *M. F. Dunn,* for appellants.

*W. H. Martin* and *J. E. Boruff,* for appellee.

HACKNEY, J.—The appellee sued the appellants for personal injuries sustained while in the employment of the appellants, and from a swinging saw in appellant's lumber mill. The complaint was in two paragraphs, which differed in no material respect. The theory of the action was that the appellants negligently maintained said saw with worn and defective rigging, which broke and caused said saw to swing against the appellee without his negligence. It is alleged that the appellants knew of the defects, and that the appellee had no knowledge thereof, and could not observe the same because concealed behind and obstructed by the frame in which said saw was made to revolve.

In the presence of these allegations the complaint is sufficient to withstand the objection that the appellee had equal opportunity with the employer to have observed such defects; the allegation of the employer's knowledge and the absence of appellee's knowledge. includes actual and constructive or imputed knowledge. *Evansville, etc., R. R. Co.* v. *Duel,* 134 Ind. 156.

As alleged in the complaint, the saw was set in a frame swinging from above, and in its use was pulled forward

by the man in charge.   When the timber was severed the operator released the frame and it was drawn backward and upward by a rope fastened to the frame and with a heavy weight attached.   The saw, when pulled through the timber, operated in an opening in the top of a table.   When the defective rope parted, the frame swung forward, and the revolving saw struck and maimed the appellee.

The complaint alleged that appellee's duty required him to be "almost directly in front of" the saw so operating.   The appellants moved the court to require a more specific allegation as to where the appellee was required to stand when engaged in managing said saw. This the court denied, and much is said in appellant's brief of this ruling.   The complaint did not involve the pulling of the saw upon the appellee, who may or may not have been standing in front of it in the performance of his duties.   It is manifest that he stood in front of the opening in the table at the time the saw struck him, and, if he was justified in relying upon the proper repair of the rope, he was in a place where he had a right to be, and ordinary care would not require precision in estimating the distance at which he should stand when the saw was not in motion, and when he could reasonably suppose it to be securely held in place by the rope and weight.   In the absence of knowledge, actual or imputed, the employe may rely on the performance of every duty owing by the master to his servants.   Upon the theory of the complaint, it would not have been contributory negligence to have gone in front of the opening in the table, and more specific allegations could not have weakened the complaint, and were certainly not essential to advise the defense of the cause of action they were called upon to defend.

Complaint is made of the second and third instructions

given by the court at the request of the appellee. They charge the duty of the master to supply reasonably safe places and machinery for the discharge of the servants' duties, the assumption, by the servant, of the ordinary hazards of his service, and the obligation of the master to use vigilance to protect his servants against unusual and extraordinary perils.

It is urged against these instructions that they are "one-sided, and utterly ignore the true principle governing the relationship existing between employer and employe;" that they "place the entire *onus* upon the master, and require no reciprocal duty of the servant."

We have quoted the argument of counsel, and feel constrained to suggest that it is too general and indefinite to give us that assistance desired, and we have been unable to discover substantial objections to either of such instructions. The obligations of the master, so charged, are thoroughly established and well recognized by the decisions of this court. *Cincinnati, etc., R. W. Co.* v. *Roesch*, 126 Ind. 446; *Brazil, etc., Coal Co.* v. *Young*, 117 Ind. 520; *Indiana Car Co.* v. *Parker*, 100 Ind. 181.

As one of the elements of damage for which recovery was proper, the court instructed the jury that they should consider "any temporary or permanent disability, either physical or mental, from which you find him suffering as the result of such injury." The appellants except to this instruction as including mental disability, such disability not being specially alleged as an element of damage. Any natural and direct consequence of an injury is not a matter of special damage, and recovery may be had therefor without special allegations. *Wright* v. *Compton*, 53 Ind. 337; *Fisher* v. *Hamilton*, 49 Ind. 341; *Cox* v. *Vanderkleed*, 21 Ind. 164; *Taber* v. *Hutson*, 5 Ind. 322; *Morgan* v. *Kendall*, 124 Ind. 454; *Ohio, etc., R. R. Co.* v. *Hecht*, 115 Ind. 443. Taking the language of the entire

charge, we can not believe that the court intended, or that the jury understood the language above quoted to distinguish between mental suffering and an impaired mind, or insanity, and to apply the rule of recovery to the latter.

Of the instructions asked by the appellants two are as follows:

"5th. The law as to the master is that in the supplying of materials, appliances, and machinery, he is held to ordinary care, and if unavoidable accident, accidents growing out of hidden defects, or accidents or injuries arising out of the use of machinery where the means of knowledge as to the dangerous character and condition of such machinery are equal on both sides, that is to say, where the employe has equal knowledge with the master as to the condition and character of the machinery he operates, there can be no recovery by the servant."

"6th. If you find in this case that the defendant Chaplin exercised ordinary care in the construction of the swinging saw and frame in complaint mentioned, and you find that the plaintiff's knowledge of the danger in operating the same, and of the condition and character, was equal with defendant's knowledge, then you must find for defendant."

The first of these instructions was given, and the second was refused, and of such refusal the appellants complain. It is asserted that the proposition contained in the instruction numbered six is not included in any charge given by the court, but we think it so certain that instruction numbered five contains the same principle, stated with equal clearness and precision, that no more than the presentation of the two instructions is necessary.

Following the argument upon the instruction so refused, appellants' brief continues as follows: "With

Heltonville Manufacturing Company *et al. v.* Fields.

equal confidence, and without argument, because the instruction is its own best defender, we call attention to instruction number ten, which the court refused to give." It is a familiar rule of practice that questions not argued in this court are deemed to be waived. The burden of searching the record for evidence upon which to predicate the instruction, and of collecting the authorities to support the legal proposition contained in the instruction rests upon the appellants, and can not so easily be cast upon the court. The presumption of the correctness of the trial court's action prevails until the appellants demonstrate the error of such action. No error is suggested by this quotation from appellants' brief.

With the general verdict the jury returned special interrogatories and answers thereto, and upon such answers the appellants moved for judgment in their favor, notwithstanding said general verdict.

In argument, counsel submit two propositions, claimed to have been specially found, and to have been in irreconcilable conflict with the general verdict, the first of which propositions is that the appellee had equal opportunities with those of the appellants to know of the worn and defective condition of the rope by which the saw frame was suspended, and the second of which propositions is that the appellee was negligent in failing to stop the rotations of the saw before passing in front of the groove, or opening, in the table through which the saw was guided when in use.

By the first, fourth, eleventh and sixteenth interrogatories and answers thereto, the jury find that if the appellee had examined he could not have seen all parts of the machine, its ropes, pulleys, and appliances, or the defects therein, and did not have equal means of knowledge .with the appellants, as to the character and danger of said machine. By the fifth interrogatory and

answer it was found that there was nothing "about the machine and its ropes or appliances that plaintiff could not have seen at any time and any hour of the day during his employment had he looked and examined."

The conflict in the special interrogatories in this respect is manifest, and not being capable of reconciliation can not be set up as in conflict with the general verdict in favor of which all reasonable presumptions are to be indulged. *Board, etc.*, v. *O'Connor*, 137 Ind. 622; *Gates* v. *Scott*, 123 Ind. 459; *Kirkpatrick* v. *Reeves*, 121 Ind. 280; *Chicago, etc., R. R. Co.* v. *Ostrander*, 116 Ind. 259; *Wabash R. W. Co.* v. *Savage*, 110 Ind. 156; *Grand Rapids, etc., R. R. Co.* v. *McAnnally*, 98 Ind. 412.

Upon the second of the propositions stated, the jury found that connected with said saw rigging was a lever which could be used to stop the rotations of the saw, and that such lever was within the convenient reach of the appellee before he passed in front of said saw; that though he knew of the presence and purpose of said lever, he did not use the same. Do the facts so found necessarily raise the presumption of negligence in failing to employ the lever and stop the rotations of the saw when held at a safe distance from the appellee by such means as we have said he might reasonably presume to be safe? We are not advised that it was not the custom to permit the saw to continue in motion when released, and drawn back by the weight and pulley; nor can we say that it was ordinarily an unsafe practice to permit it. While it would appear that the safety of the operation would be more secure by the stopping of the saw, we are not advised of any rule or custom which would suggest that it was imprudent to rely upon the efficiency of the pulley, the weight and attachments to withhold the saw in safety. As we have already said, if he was justified in relying upon the efficiency of the rigging to hold the

saw in place, it would not be necessary, in the exercise of ordinary care, to employ more efficient means of protection from injury. From any information that we have, it can not be said that such delays would not have attended the stopping of the saw, as to have made it impracticable to apply the lever each time that the saw frame was suspended. If every reasonable presumption is indulged in favor of the general verdict, we can not say that it was practicable to have stopped the saw, under the circumstances, and conflict between the general verdict and the special findings in this respect is not apparent.

The sixth cause assigned for a new trial in the circuit court was the admission in evidence of "statements by Daft, the millwright, and Frank Marvin, foreman, as to the condition of the machine and the procurement of a new rope for such machine."

As a part of this assignment is a document entitled "Bill of Exceptions No. 1," which recites that the plaintiff, Joseph Fields, and Mrs. Fields, his wife, were witnesses in his behalf, and, as such, testified to conversations of said Daft and Marvin, by the express consent of the appellants, neither the character nor substance of such conversations being shown; that Mrs. Ramsey was a witness for the plaintiff, and was permitted, over appellants' objection, "to testify and state declarations made by Marvin, foreman, and Daft, millwright, after the alleged injury, as to the cause of the injury, and the condition of the rope and the procurement of a new rope."

The declarations so testified to do not appear in said bill of exceptions, their character is not more fully shown by the motion for a new trial, and counsel do not cite us to the record indentifying such evidence. The alleged

bill of exceptions is not shown by the record to have been filed, and it is not in the record except as it is so copied in the motion for a new trial. It does not, therefore, supply any evidence of its contents. *Johnson* v. *State*, 65 Ind. 269.

It has long been an established rule of practice that the motion for a new trial must point out with reasonable certainty the evidence admitted or excluded, and of which complaint is made, and that a failure to do so will forfeit any error in such ruling of the trial court. *Evans* v. *State*, 67 Ind. 68; *Coryell* v. *Stone, Exr.*, 62 Ind. 307; *Grant* v. *Westfall*, 57 Ind. 121; *Betson* v. *State, ex rel.*, 47 Ind 54; *Bowers* v. *Bowers*, 53 Ind. 430; *Holding, Admr.*, v. *Smith*, 42 Ind. 536; *Reeves* v. *Plough*, 41 Ind. 204; *Louisville, etc., R. W. Co.* v. *Thompson, Admr.*, 107 Ind. 442; *Staser* v. *Hogan*, 120 Ind. 207.

In the last of these cases it was said: ''Causes for a new trial must be assigned with clearness, certainty, precision and particularity.''

The motion before us does not comply with this requirement in any respect.

The duty of counsel is not complete when he fails to point out the evidence offered or excluded, so as to enable this court to verify the cause assigned in the motion, by proper references to the record. Here we have no means of ascertaining what evidence was admitted without searching the entire record. The labors of the court are sufficiently onerous without assuming the duties of counsel. We hold, therefore, that no question is presented by the sixth cause for a new trial.

It is finally contended that the motion for a new trial should have been granted on the assignment of newly discovered evidence. Such evidence is presented by affidavits filed as exhibits with the motion. These affidavits are not in the record by bill of exceptions, and,

for that reason, can not be entertained.    *Berlin* v. *Ogles-bee*, 65 Ind. 308;  *Johnson* v. *State, supra;  McDaniel* v. *Mattingly*, 72 Ind. 349;  *Wood* v. *Crane*, 75 Ind. 207.

Having found no error in any of the rulings of the trial court, properly presented for review, the judgment is affirmed.

Filed Feb. 20, 1894; leave granted to withdraw petition for rehearing May 10, 1894.