Filed June 6, 1895.

No. 1,945.

## VERMILLION ET. AL. *v.* MUSTARD.

PLEADING.—*Complaint.—Contract.*—The first paragraph of a complaint, alleging that defendants are indebted to plaintiff in the sum of $500 for services rendered at defendants' special instance and request, will be held to be on a *quantum meruit*, it being followed by a second paragraph for $500 expressly agreed to be paid for the services, though the bill of particulars filed with both paragraphs recited: "Said services being rendered upon the promises and agreement of * * * to pay said * * * $500 for his services.

TRIAL.—*Complaint.—Special Findings.—General Verdict.—Contract.* —A general verdict for plaintiff will be treated as having been rendered upon the paragraph of complaint which seeks recovery on a *quantum meruit*, although the jury returned interrogatories in which they said they based their verdict on another paragraph of the

complaint, which declared upon a special contract, where they further state that the amount found due was not by reason of a contract, but that the amount allowed was the reasonable value of plaintiff's services.

From the Madison Circuit Court.

*C. L. Henry, B. McMahan, J. A. Van Osdol, M. A. Chapman, S. M. Keltner* and *E. E. Hendee,* for appellants.

*D. W. Wood* and *W. S. Ellis,* for appellee.

DAVIS, J.—In the court below, the appellee recovered judgment against appellant for $150.00.

The only error assigned is that the court erred in overruling appellants' motion for judgment in their favor, upon the special findings of the jury, in answer to interrogatories, notwithstanding the general verdict.

The complaint is in two paragraphs. In the first, appellee alleges that appellants are indebted to him in the sum of $500.00, for services rendered them by him at their special instance and request, and that said sum is due and unpaid. In the second paragraph, the appellee alleges that, pursuant to employment of appellants, he rendered certain services for them, for which they promised and agreed to pay him $500.00, which sum is now due and remains unpaid.

With their general verdict, in favor of appellee, the jury returned interrogatories, in which they said that they based their verdict on the second paragraph of complaint; that the amount they found due appellee was not by reason of a contract to pay the same; and that the amount they allowed him was the reasonable value of his services.

The evidence is not in the record. Counsel for appellants contend that each paragraph of the complaint is upon a special contract to recover $500.00,

and that the appellee could not recover upon an implied contract. The particular point upon which counsel rely for a reversal is stated by them as follows:

"It is easily seen that the first question and answer are of no consequence, because the jury could have said the first paragraph, as well as the second, and it would have made no difference in this case, or could have been answered (on both paragraphs) and the case would not have been materially altered. The material thing to notice is that the jury found that there was no contract, in answer to the second interrogatory, and they find for the plaintiff, in their general verdict, and allow him $150.00, as the reasonable value of the services rendered by the plaintiff. We have, then, the following situation: A complaint proceeding on the theory of special contract, and answer of general denial, and a finding by the jury that there was no contract, and that the jury allowed the plaintiff $150.00, as the reasonable value of his services."

We may, therefore, regard the answer of the jury, that they base their verdict on the second paragraph of the complaint, as of no consequence. Assuming, therefore, that in a case on special contract, there cannot be a recovery on the *quantum meruit*, the only material question is, whether the first paragraph of the complaint is founded on a special contract. Counsel for appellant insist that a reference to the bill of particulars shows that the first paragraph is drawn on the theory of a special contract, because the bill of particulars, filed with both paragraphs of complaint recites: "Said services being rendered upon the promises and agreement of Jesse L. Vermillion to pay the said Daniel F. Mustard the sum of five hundred dollars ($500.00) for his services." The bill of particulars

is in harmony with the averments contained in the second paragraph of the complaint, but the recitals therein cannot control the averments in the first paragraph. *Furry* v. *O' Connor*, 1 Ind. App. 573; *Chapman* v. *Elgin, etc., R. W. Co.*, 11 Ind. App. 632.

The bill of particulars was not necessary to the sufficiency of the complaint. It contains no items as to time or amount of labor. In fact, the particulars of the claim are fully set forth in each paragraph of the complaint. The only material difference between the averments in the two paragraphs is that, in the. first paragraph, a recovery is sought on the *quantum meruit* for the value of the services rendered, and, in the second paragraph, the recovery is sought on the special contract for the agreed price.

We determine the theory of the first paragraph of the complaint from the averments therein contained, and not from the bill of particulars filed with both paragraphs.

The answers of the jury to the interrogatories clearly show that the jury allowed the appellee the reasonable value of his services, and that the amount found due him was not by reason of a special contract to pay that sum. It is, therefore, manifest that the verdict in favor of appellee was not based on the second paragraph of the complaint.

In other words, as we construe the first paragraph of the complaint, the appellee was entitled to recover thereon for the reasonable value of his services. The answers of the jury to the interrogatories disclose, that their general verdict was for reasonable value of his services. Disregarding the answer to the first interrogatory, there is no inconsistency; but, if we assume that the answers to the interrogatories are inconsistent, the general verdict stands and controls the judgment, unless the answers are in irreconcilable

conflict with the general verdict.    *Gates* v. *Scott*, 123 Ind. 459.

Our conclusion is that the first paragraph of the complaint does not proceed on the theory of a special contract, and that the answers of the jury to the interrogatories are not in irreconcilable conflict with the general verdict.

Judgment affirmed.