CITIZENS STREET RAILROAD COMPANY *v.* HOOP.

[No. 2,699.   Filed March 14, 1899.]

VERDICT.—*Presumptions.*—A general verdict is presumed to have been rendered upon the substantial merits of all controverted matters, and every reasonable presumption will be indulged in its favor.  *p. 82.*

SAME.—*Interrogatories.*—*Answers in Conflict with General Verdict.*—Answers to interrogatories will not overthrow and control the general verdict on account of being in conflict therewith, where such interrogatories are contradictory, and in conflict with each other. *p. 82.*

From the Marion Superior Court.   *Affirmed.*

*W. H. Latta,* for appellant.

*Caroline B. Hendricks, A. C. Ayres, A. Q. Jones* and *J. E. Hollett,* for appellee.

ROBINSON, J.—Appellant appeals from a judgment award-
ing damages to appellee for alleged personal injuries. A
general verdict was returned and answers to special inter-
rogatories. The only question discussed by appellant's
counsel arises on the action of the court in overruling appel-
lant's motion for judgment on the answers to interrogatories
notwithstanding the general verdict.

The evidence has not been brought into the record. The
general verdict finds all the material averments of the com-
plaint to be true, and that the injury was received as therein
charged. If the complaint shows that appellee was injured
through appellant's negligence, and that he himself was
guiltless of any negligence proximately contributing thereto,
he was entitled to recover unless the special answers of the
jury and the material averments of the complaint are in ir-
reconcilable conflict.

The complaint shows that at the time of the injury appel-
lee was a passenger on one of appellant's cars, and desired
to alight at Lynn street, of which fact he notified the con-
ductor; "that at the time said plaintiff so notified said con-
ductor of his desire to alight therefrom, said car could easily
have been stopped in time to allow plaintiff to get off; that as
said car approached said crossing the speed of the same was
checked and slackened as if to stop; that at the time when
plaintiff so notified said conductor of his wish to alight from
said car, and at the time when said car was checked and its
speed slackened, plaintiff was standing on the rear platform
of said car on the left side of said conductor; that when the
speed of said car was so checked and slackened by the motor-
man in charge thereof, as aforesaid, as said car approached
said crossing, the said conductor, who was standing on the
right side of said plaintiff, invited and notified the plaintiff
to alight from said car by stepping to one side and with his
hands passing plaintiff by him to allow him to step down and
off said car; that plaintiff passed to the side of the platform
and took hold of the hand hold on the side of the car, and was

in the act of stepping down upon the step to be ready to step off as soon as said car stopped; that while said plaintiff was so in the act of stepping down and off the said car, the motorman in charge thereof suddenly and unexpectedly turned on the electric current so that the car by a quick and sudden jerk threw the plaintiff from said car violently to the ground," causing injuries which are described. It is further averred that appellant was negligent in not stopping the car when notified; in notifying and inviting appellee to get down and off the car in the manner above alleged; in suddenly, and without warning, starting the car after it had been checked, and after appellee had notified the conductor to stop the same, and after appellee had started to alight therefrom.

Whether the speed of the car was changed as it approached Lynn street crossing, the answers of the jury are contradictory. The answers show that the appliances for controlling the electric current that operated the car were such that the motorman turned it on by turning a lever, so that certain notches in the apparatus were successively passed; that from the time the front end of the car was twenty feet east of Lynn street until the rear end was thirty feet west of Lynn street, its speed was from four to five miles per hour; that in running from a point where the front end of the car was twenty feet east of Lynn street until after appellee fell from the car, the electricity was turned on three notches, and while running that distance there was no change in the amount of the electricity used. But they further answered that while running the above distance there was no evidence that the motorman moved the lever by which the electricity was turned on and off in any way, whether if it was moved the electricity was turned on or off, or, if it was moved at all, how many notches. There is no direct finding by the jury in the special answers that the speed of the car was or was not increased in going the particular distance mentioned. These answers must all be considered together, and when so considered they cannot be said to be in irreconcilable conflict

with the general verdict, which finds, in effect, that the speed of the car was changed. The speed of the car could have been suddenly increased or diminished in going the distance mentioned, and still have been going at the rate of four to five miles an hour.

The complaint avers that, immediately before he fell, appellee passed to the side of the platform and took hold of the hand hold on the side of the car and was in the act of stepping down upon the step to be ready to step off as soon as the car stopped. It is true some of the answers show that he was not stepping from the car floor to the step when he fell; that he was being carried past his destination; that he was trying to get off a moving car when he fell because he did not want to be carried past his destination; but the jury further answered contradictory to the above, but in accordance with the implied finding of the general verdict, that appellee at the time he fell was getting ready to get off the car as soon as the same came to a stop. It is evident that upon this particular point the answers to interrogatories cannot be held to overthrow the general verdict.

The averments of the complaint that, as the car approached the crossing, the conductor who was standing near appellee on the car platform invited and notified appellee "to alight from said car, by stepping one side, and with his hands passing plaintiff by him to allow him to step down and off said car," are not contradicted by any answers to interrogatories. And the rule is approved by many authorities that, "A passenger is justified, as a general rule, in obeying the direction of the employes of the carrier, and if he receive injury in obeying them, the carrier is liable, even if it appears that if he had not obeyed he would have escaped injury." *Louisville, etc., R. Co.* v. *Bisch,* 120 Ind. 549, and cases cited; *Cincinnati, etc., R. Co.* v. *Carper,* 112 Ind. 26, and cases cited; *Louisville, etc., R. Co.* v. *Kelly,* 92 Ind. 371; *Kentucky, etc., Co.* v. *Quinkert,* 2 Ind. App. 244.

A general verdict is presumed to have been rendered upon the substantial merits of all controverted matters, and every reasonable presumption will be indulged in favor of its correctness. No presumptions will be indulged in favor of answers to special interrogatories. If the answers are to control the case, and overthrow the general verdict, they must be not only in conflict with the verdict, but they must be consistent with each other, and free from any obscurity. If they are contradictory within themselves, or uncertain when taken together, they cannot control. The appellee has the general verdict in his favor, which says all the material facts of his case have been proved, and if on any supposed hypothesis this verdict and the answers can be reconciled, it must stand. They must destroy the general verdict, if at all, by their own inherent clearness and strength, and this they cannot have if they are contradictory, or inconsistent with each other, or ambiguous. *Kirkpatrick* v. *Reeves*, 121 Ind. 280; *Heltonville, etc., Co.* v. *Fields*, 138 Ind. 58; *Shuck* v. *State, ex rel.*, 136 Ind. 63; *Chicago, etc., R. Co.* v. *Ostrander*, 116 Ind. 259; *Smith* v. *Heller*, 119 Ind. 212; *Fitzmaurice* v. *Puterbaugh*, 17 Ind. App. 318; *Gates* v. *Scott*, 123 Ind. 459; *Vance* v. *City of Franklin*, 4 Ind. App. 515; *Matchett* v. *Cincinnati, etc., R. Co.*, 132 Ind. 334.

Applying the above principles to the case at bar, we cannot escape the conclusion that no error was committed in refusing to set aside the general verdict, and render judgment in appellant's favor upon the answers to the interrogatories. Even if there is a slight variance as to the exact time and place of the accident, it is not such a variance as goes to the substance of the issue, and a variance in some matter of detail will not reverse a judgment, Section 394 Burns 1894, section 391 Horner 1897. *Cincinnati, etc., R. Co.* v. *Revalee*, 17 Ind. App. 657; *Louisville, etc., R. Co.* v. *Shanks*, 132 Ind. 395; *Cummings* v. *Girton*, 19 Ind. App. 248.

This court has held in the case of *Dresslar* v. *Citizens St. R. Co.*, 19 Ind. App. 383, that uniformity in the movement

of street cars is not the rule, and cannot reasonably be expected. That case was decided, and correctly so, upon a special verdict, in which it appeared that the person injured failed to give notice in time to have the car stopped where he desired to alight; that he was injured in attempting to change his position from the platform of the car to the step below, without holding to or leaning against anything; that he did this, between crossings, without any invitation or direction of the conductor, and without any warning of any kind to the company's employes. It is readily seen that the facts found in the special verdict in that case are materially different from the facts in the case at bar. Judgment affirmed.

Wiley, J., absent.