WARNER, ADMINISTRATRIX, *v.* MIER CARRIAGE COMPANY ET AL.

[No. 3,142. Filed Nov. 14, 1900. Rehearing denied March 7, 1901.]

VERDICT. — *Interrogatories.* — *Conflict.* — *Personal Injuries.* — *Negligence.* — *Parties.* — *Elevators.* — Conflict and obscurity in the special findings as to the owners and managers of a factory building in which plaintiff's decedent was injured by falling down an elevator shaft will not overcome a general verdict for plaintiff in an action for such injuries. *pp. 353, 354.*

NEGLIGENCE. — *Inspection of Building.* — *Licensee.* — Where one of the managers of a factory conducted a person through the factory building for the purpose of acquainting him with the duties of the employment he was seeking, such person was not a mere licensee. *pp. 354, 355.*

SAME. — *Verdict.* — *Interrogatories.* — *Conflict.* — *Elevators.* — In an action for injuries and death to plaintiff's decedent caused by falling through an elevator shaft in defendant's factory, the special findings in answer to interrogatories showed that the elevator shaft was fifteen feet long and seven and one-half feet wide, and had been maintained in this condition without railings or guards for about one month prior to the accident; that one of defendant's managers was conducting decedent through the factory building for the purpose of acquainting him with his duties as an employe, carrying a lighted lantern in his hand, when decedent fell into the shaft and was injured, resulting in his death. The findings further showed that decedent did not know of the location of the elevator, and that defendant did not call his attention to the same or caution him against it; that defendant's manager was standing within four feet of the shaft when the accident occurred, holding the lantern in his hand, and that decedent did nothing to prevent his falling into the shaft. *Held,* that the findings were not in irreconcilable conflict with a general verdict for plaintiff, and that the court erred in rendering judgment thereon for defendant. *pp. 355-358.*

From the Noble Circuit Court. *Reversed.*

*R. P. Barr, L. M. Ninde, D. B. Ninde* and *L. J. Ninde,* for appellant.

*T. R. Marshall, W. F. McNagny, P. H. Clugston, H. G. Zimmerman, C. W. Miller* and *J. Drake,* for appellees.

Comstock, J.—Appellant brought this action against appellees to recover damages for the death of her husband occasioned by his having fallen down an elevator shaft on the premises of appellees.

The complaint is in two paragraphs. The first paragraph states, in substance, that on the 23rd day of November, 1895, defendants were the owners of and operating a large carriage factory situated in the city of Ligonier in this State. That theretofore, and on said day, said defendants carelessly and negligently maintained a certain shaft for an elevator in said factory, which was situated in a dark room in said factory. That on and before said day, plaintiff's decedent had been spoken to by said defendants and the agents and servants of said defendants to enter the employment of said defendants as their employe in said factory, and on said day said defendants requested said decedent to appear at said factory and to go through and over the same with said defendants, or one of them thereunto authorized, and receive information and instruction from said defendants as to his duties as such employe. That up to the time of the injuries complained of, the defendants had negligently maintained said elevator shaft and room, without light, and without guards to prevent persons from falling into the hole or shaft where said elevator was placed; that said defendant, Herman Mier, then and there duly authorized by and acting for his codefendants took said decedent into said room, and with said decedent walked forward toward said pit without any caution or notice or knowledge whatever on decedent's part; that said shaft or pit of said elevator was then and there open, unguarded, and dangerous, and without any warning or information or knowledge being given to decedent by said defendants, or either of them, that said pit

was so located and dangerous. That said room was then and there so dark that said decedent could not see or discover the said pit or elevator shaft, or that the same was unguarded or unprotected, and said decedent stepped into said hole or pit and fell, sustaining injuries resulting in his death.

The second paragraph of complaint is substantially the same as the first paragraph, except that it alleges that decedent was desirous of obtaining employment by said defendants in their said factory, and that on said day and year he desired to see said defendants, and did apply to them and negotiate with them at their factory for employment by them, and went to said factory to make said negotiations to secure such employment. That said defendant, Herman Mier, being then and there lawfully authorized to take said decedent through said factory, and to exhibit to him their said factory and their said business, then and there invited said decedent to go with him, the said Mier, about, through, and over said factory, and into and through the various rooms thereof. That said Herman Mier carried with him a lantern by the light of which they were passing over and through said factory. That said Herman Mier took the decedent into said room where said unguarded elevator shaft was located, but so negligently and carelessly held the lantern that said decedent did not know, nor could not see nor ascertain that there was any dangerous or unguarded hole in the floor or pit thereunder. That said decedent had no knowledge of the existence of such hole or elevator shaft or pit aforesaid, or that there was any danger in passing through said room, and being without any information given to him by said Herman Mier or any other person, while he was carefully moving about in said premises he, the decedent, stepped into said hole or pit, suffering the injuries resulting in his death.

To this complaint defendants filed separate demurrers, which were overruled by the court. Thereupon the de-

fendants answered by general denial. The cause was tried and resulted in a general verdict for the plaintiff, and the jury assessed her damages at $1,000. The jury, with their general verdict, returned answers to interrogatories submitted by plaintiff and defendants.

The court overruled appellant's motion for judgment on the verdict, and sustained the motion of and rendered judgment in favor of each appellee on the answers to interrogatories, notwithstanding the general verdict. These rulings of the trial court are questioned in this appeal.

To entitle appellant to recover, the burden was upon her to prove the injury and death of the decedent substantially as alleged in the complaint, the negligence of the appellees, or one or more of them, as the proximate cause thereof, and the freedom from fault of the decedent contributing to his death. The general verdict finds all these requirements in her favor. The general verdict must control unless the special findings of fact are in irreconcilable conflict therewith. It remains, then, to inquire whether such conflict exists. In doing this, we bear in mind the rule that no presumptions are indulged in favor of the special findings of facts, and that every presumption is indulged in favor of the general verdict.

The special findings show that upon the premises in question an elevator and shaft or pit was maintained upon the first floor of the factory building unguarded and without railings around the pit. The complaint avers that the appellees were the owners and in the possession of and operating the factory in which the decedent received his injuries. The general verdict so finds. The learned counsel for appellee insist that the findings of the jury are to the effect that the Mier Carriage and Buggy Company was incorporated on the 25th day of July, 1895, and was a corporation on the 23rd day of November, 1895, the day the decedent was injured, and that the other appellees were simply

stockholders of said corporation. But the findings show further that appellees Solomon Mier, Herman Mier, Abraham Mier, and Samuel Mier, as individuals, owned the lots upon which the factory was built; that they constructed the factory thereon and occupied and operated it jointly with appellee corporation at the time of the accident. They further show that the individual appellees had control and management of the factory building as owners in addition to their interest therein as officers and agents of the Mier Carriage and Buggy Company. But if it be conceded that the special findings are obscure and conflicting as to the person or persons or corporation in the control and management of the factory, such conflict can not be set up as in conflict with the general verdict. The conflicting special findings neutralize each other. *Indianapolis Gas Co.* v. *Shumack,* 23 Ind. App. 87; *Citizens St. R. Co.* v. *Hoop,* 22 Ind. App. 78; *Kirkpatrick* v. *Reeves,* 121 Ind. 280; *Heltonville Mfg. Co.* v. *Fields,* 138 Ind. 58; *Chicago, etc., R. Co.* v. *Ostrander,* 116 Ind. 259; *Smith* v. *Heller,* 119 Ind. 212; *Fitzmaurice* v. *Puterbaugh,* 17 Ind. App. 318; *Gates* v. *Scott,* 123 Ind. 459; *Vance* v. *City of Franklin,* 4 Ind. App. 515; *Matchett* v. *Cincinnali, etc., R. Co.,* 132 Ind. 334.

Counsel for appellees contend that the decedent received no invitation to enter the factory from either the corporation or Solomon Mier, Abraham Mier, or Samuel Mier; in effect, that he was a mere licensee. The special findings show that the appellees, the Miers', individually owned the factory; that it was occupied by them jointly with the carriage and buggy company; that Herman Mier was a member and officer of and had authority as a member of the carriage and buggy company to look after the management of its business. The Miers' had the entire management and control of the business affairs of the carriage and buggy company. Either of them had authority to hire a watchman to guard the factory in question. They also find that Solomon Mier, the president of the company, was not the

only person authorized to employ a night watchman, and that no other person was so authorized. There is no finding that the authority to employ a watchman was limited to any particular person or officer. The findings further show that following the information which he received from Herman Mier through a third party, that the company had concluded to employ him as a night watchman, that decedent presented himself at the factory on the evening of the day he received his injury, to be instructed as to the duties of such position; and while he was being shown through the factory by Herman Mier, appellee, he fell into the pit and received injuries resulting in his death. The findings also show that Herman Mier authorized himself to employ the decedent. Counsel for appellees point out that the special findings show that Herman Mier had no official relation to the corporation. Fairly interpreted, however, such findings relate to the third party, through whom the information of the intention to employ the decedent was communicated to him. While there are inconsistencies in the foregoing findings, they are not necessarily in irreconcilable conflict with the general verdict and do not therefore override it. It is not necessary to reconcile those inconsistencies. It clearly appears that when the decedent, who was at the time seventy-eight years old, presented himself at the factory, one of the managers and directors of the corporation undertook to show him through the building for the purpose of acquainting him with the duties of the employment he was seeking. Under the circumstances, he was not a mere licensee. When a director and manager of the company undertook, with the object in view, to show him through the building, the decedent entered upon such inspection upon invitation, and not as a mere licensee. To him appellees owed a duty to have such premises in a reasonably safe condition.

The special findings show that the elevator hole was fifteen feet long and seven and one-half feet wide. It had been maintained in this condition without railings or guards

or lights, to the knowledge of all the appellees, for about one month before and up to the time of the accident. The general verdict correctly found that there was negligence, and that this negligence caused the injuries resulting in the death of the decedent. The general verdict found that the decedent was free from contributory negligence. Do the special findings show the contrary? Counsel for appellee claim that they do. They base such claim upon the following interrogatories and answers: "(48) Was said hole fifteen feet long and seven and one-half feet wide? If not, give dimensions of said elevator hole. A. It was. (49) Just before the accident to said decedent Warner, did he stand or stop about four feet from said elevator hole? A. Yes. (50) At said time was the defendant, Herman Mier, standing within four feet of said decedent, and a little nearer to said elevator hole than said decedent was standing? A. Yes. (51) Did said Herman Mier hold in his hand a lantern which was lighted and brightly burning at said time? A. Yes. (56) Was there anything which obstructed or interfered with said Warner's view of said hole while he and said Herman Mier were standing in the positions aforesaid, if he had looked in the direction where it was located? A. No. (57) If so, state what it was and where located? A. Nothing. (58) Could said Warner have seen said elevator hole as he approached the same, had he looked, and was said Warner walking towards said elevator hole when he fell into the same? A. Yes. (59) If you answer that he could not have seen said hole if he had looked for it, please state what would have prevented him from doing so? A. Herman Mier between Warner and light. (63) What did said decedent Warner do to prevent his fall into said hole? A. Nothing. (64) Was said Warner walking towards said elevator hole when he fell into the same? A. Yes."

The following interrogatories, it is claimed, call for conclusions, and not facts, and can not therefore be considered

for any purpose: "(32) Is it not a fact that at the time said decedent fell into said pit it was so dark that he could not see the same, or avoid said fall by the exercise of reasonable diligence? A. Yes. (33) Is it not a fact that said decedent received no notice and had no knowledge of the location of said pit, or that it was dangerous until after he had fallen therein and was injured? A. Yes. (34) Is it not a fact that said decedent had no knowledge or notice of the existence of said pit or its dangerous condition until it was too late for him to avoid falling therein? A. Yes. (36) Is it not a fact that decedent fell into said pit and was injured so that he died from said injuries in about seven days thereafter, wholly because said pit was unguarded and without any gates or bars or obstructions of any kind placed about it to prevent him from falling therein? A. Yes. (37) Is it not a fact that said decedent fell into said pit and was injured and killed without any fault whatever on his part contributing to his injury and death? A. Yes."

We can not agree with this claim as to the thirty-third interrogatory. Decedent's knowledge as to the location of the pit and its dangerous character was a fact to be found by the jury. The findings show that Herman Mier did not call the attention of the decedent to the elevator hole, nor caution him against it. These findings show that the decedent did not know of the location of the elevator; they do not show that he knew that there was an elevator in the building. Counsel for appellee emphasize the fact that the decedent, as found by the jury, did nothing to prevent his falling into the hole. He had the right to presume, in the absence of warning and knowledge to the contrary, that the floor was free from dangerous places. The finding that he did nothing was a fact which the jury had a right to take into account in determining whether or not he was negligent. But the finding is not conclusive of his negligence as against the general verdict. Special findings override the general verdict only when both can not stand. There could have been under the issues proof of supposable facts

not inconsistent with those specially found sufficient to sustain the general verdict, and to avoid the apparent conflict. *Pittsburgh, etc., R. Co.* v. *Martin,* 82 Ind. 476; *City of Ft. Wayne* v. *Patterson,* 3 Ind. App. 34; *City of Huntington* v. *Burke,* 21 Ind. App. 655; *Sponhaur* v. *Malloy,* 21 Ind. App. 287; *Louisville, etc., R. Co.* v. *Creek,* 130 Ind. 139, 14 L. R. A. 733; *Stevens* v. *City of Logansport,* 76 Ind. 498; *Rhodius* v. *Johnson,* 24 Ind. App. 401.

Appellee Herman Mier held in his hand a lantern brightly burning. Appellee Mier was between the decedent and the lantern. To what extent the lantern illuminated the room in question we do not know, nor can we tell the effect of the relative positions of the decedent and Mier with reference to the lantern. It may reasonably be presumed that at his advanced age the decedent had lost much of the alertness of youth; such fact emphasized the obligation of appellees to warn him of danger as he was being shown through their factory. All the circumstances attending the accident were presented to the jury (the evidence is not before the court), and from the evidence as attested by the general verdict, they concluded that the conduct of the decedent was that of an ordinarily prudent person under the circumstances.

The court erred in rendering judgment in favor of appellees. The judgment is reversed, with instructions to the trial court to render judgment in favor of appellant on the general verdict.

### On Petition for Rehearing.

Per Curiam.—Upon consideration of the petition of the appellee for a rehearing and its application for a modification of the mandate, it is concluded by the court that the petition for a rehearing be overruled and that the mandate be and it hereby is modified so as to read as follows: The judgment is reversed, and the cause remanded, with instruction to overrule the motion of the appellee for judgment in its favor upon the answers to interrogatories.