THOMAS LAMBARD *versus* NATHAN FOWLER.

If a deputy sheriff attach goods on mesne process he is bound to keep them, to be taken on execution, until thirty days after judgment in the action, whether he remains in office until that time or not; and the sheriff under whom he acted is responsible for any omission of duty in so doing. And if the sheriff under whom the deputy acted in making the attachment ceases to be in office before judgment is rendered, and the same deputy becomes the deputy of the succeeding sheriff, and the execution, issued upon the judgment, is put into the hands of the deputy for collection within the thirty days, he is bound as deputy of the former sheriff to have the goods ready to be taken on the execution without any other demand; and if he neglect his duty in that respect, the cause of action against the sheriff therefor accrues at the expiration of the thirty days; and the limitation of four years, during which the sheriff is liable for the acts of his deputy, commences running at that time.

Where the declaration, at the time of the commencement of the action, contains but one count, wherein the plaintiff claims to recover against the defendant, as sheriff, solely on the ground of his responsibility for the acts of another person as his deputy, an amendment of the writ will not be permitted, by adding another count, for the purpose of sustaining the action by reason of other and distinct acts of the sheriff himself; although both counts may be intended for the recovery of damages arising from the loss of the same rights.

CASE against Fowler as late sheriff of this county. The writ was dated August 25, 1842. With the general issue, a brief statement was filed by the defendant, setting up the statute of limitations as a defence. The original count in the declaration complained, that the defendant was liable on account of certain acts of his deputy, one Kimball, without claiming to recover by reason of any defaults by Fowler personally. Under a general leave to amend, the plaintiff filed a count, claiming to recover by reason of certain acts, other than those alleged to have been committed by Kimball, the deputy, done by Fowler himself, as sheriff. This amendment was objected to by the defendant as introducing a new cause of action.

The whole of the testimony at the trial, before TENNEY J. was reported; and the parties agreed, that upon the evidence, which should be considered legally admissible, the Court, having authority to draw such inferences as a jury could do, should

enter such judgment by nonsuit or default as the law shall require; and the Court were to determine, whether the amendment was admissible.

The view taken of the evidence by the Court will be found in the opinion.

*Wells,* for the plaintiff, contended that he was entitled to recover on the first count. The execution was delivered to Kimball on July 6, 1838, and the return day was not until after August 25. Kimball could not be called upon until the return day, unless he had previously received the money. The statute of limitations, therefore, is no bar to our recovery on that count. 9 Greenl. 74; 16 Pick. 387; 3 Mass. R. 289; 4 Shepl. 53.

The amendment should be allowed. The complaint in both counts is for not satisfying the execution out of the property attached; and the act which rendered the defendant liable under that count, was his taking the property out of the hands of Kimball immediately after the attachment. The statute of limitations furnishes no defence against the sheriff's own acts until six years after the acts were done. If the second can properly be filed, there is no defence. *Phillips* v. *Bridge,* 11 Mass. R. 248.

*Noyes,* for the defendant, said that the amendment set forth a new cause of action, and if so, clearly ought not to be permitted. The argument urged on the other side, that by the statute of limitations, four years operates as a bar to the cause of action in one count, and six years to that in the other, shows that they are not the same. The evidence to support the one count is entirely different from that to support the other, and for this reason also, the amendment should not be allowed. 2 Greenl. 46; 10 Pick. 123; 19 Pick. 176 and 517; 13 Maine R. 87; 18 Maine R. 166.

The first count only is in the writ; and the statute of limitations furnishes a bar to the plaintiff's recovery on that count. Kimball was not bound to keep the property longer than thirty days after judgment. The thirty days must have expired as

soon as the 9th of July, 1838, and the suit was not commenced until August 25, 1842. If the delivery of the execution to Kimball, then deputy of another sheriff, operates in law as a demand, then the four years expired on July 6, 1842. Kimball might be liable until the return day of the execution; but if so, it would be as the deputy of Copeland, and not of Fowler. The liability of the defendant for the acts of Kimball, could not extend beyond the time the deputy was bound to keep and deliver the property attached; at the utmost, not beyond thirty days after judgment. 14 Maine R. 430; 18 Maine R. 125; 16 Maine R. 508.

The opinion of the Court was by

TENNEY J. — When this action was commenced, it was for the recovery of damages alleged to have been sustained by the default of John Kimball, a deputy of the defendant, who was sheriff of this county, in not retaining property attached upon a writ in favor of the plaintiff and William Lambard, his partner, since deceased, against one Robinson. Judgment was recovered against Robinson on June 9, 1838; execution was issued thereon July 5, 1838, and on the next day, when he was a deputy under another sheriff, who had succeeded the defendant, was delivered to the said Kimball. The defendant relies upon the statute of limitations.

"All actions against a sheriff, except for escape of prisoners committed on execution, for the negligence or misconduct of his deputies, shall be commenced within four years, next after the cause of action shall accrue." Rev. Stat. c. 146, § 2.

The return of goods as attached upon mesne process by a sheriff imposes upon him the duty to keep them till the expiration of thirty days after final judgment in the action in favor of the creditor, notwithstanding he may cease to be the sheriff after the attachment. *Tukey & al.* v. *Smith,* 18 Maine R. 125; *Bailey* v. *Hall,* 16 Maine R. 408. And a demand by the creditor, within thirty days after his judgment, of the goods attached, that they may be taken in execution and disposed of by sale, and a failure to deliver them renders him liable; and

the duties and liabilities of deputies are in all respects similar to those of a sheriff; and the latter is answerable for such neglects of the former, if the neglects were of duties devolving upon them when they held deputations under him. *Morton & al.* v. *White & al.* 16 Maine R. 53. If the deputy, who has returned goods attached upon mesne process, receive the execution issued upon the judgment in the same action in favor of the creditor, in season to save the attachment, though he may be a deputy at the time under another sheriff, no other demand of the property is necessary; for he being presumed to have in possession the property attached, is obliged by his duty as an officer to make the seizure; and should he omit to do so, till the expiration of the attachment, in consequence of having suffered the goods to go from his possession and control, he and the sheriff whose deputy he was at the time of the attachment, is responsible to the creditor for the damages sustained; after the attachment is dissolved through the fault of the officer, neither a delay till the return day of the execution, nor a demand for the amount thereof is necessary to make perfect his liability; the creditor cannot, either by demand or the delay, be restored to the right which he has lost; and the cause of action accrues immediately upon the neglect. *Williams College* v. *Balch*, 9 Greenl. 74.

In the case before us, Kimball held the office of deputy sheriff when the plaintiff's execution was delivered to him, and it was in his hands in season to have seized the goods, which he had attached on the original writ; he omitted to make the seizure, because he had permitted them to be removed from his possession before the judgment; and he was liable for that neglect immediately upon the expiration of the attachment, which was on the 10th day of July, 1838. This action was commenced for that cause on the 25th of August, 1842, and was too late.

Under general leave to amend, a new count was filed on the 10th day of September, 1844, which is to be a part of the writ, if properly allowed; the plaintiff's counsel insist that it

is for the same cause of action with the original declaration, which is denied by the other party.

It is true, if a deputy sheriff has been guilty of negligence or misconduct, in his office, by which a debtor or creditor has been injured, an action for such injury may be brought directly against the deputy or the sheriff; and in the latter case the wrong may be charged generally as committed by the sheriff, and on trial be proved to have been done by the deputy, for whose acts, he is answerable. *Walker* v. *Foxcroft*, 2 Greenl. 270. But the reverse of this rule would be absurd. If a new count is for the same acts of the deputy charged in a different form from that originally in the writ, it is for the same cause of action; but if the new counts for other and distant acts, and of the sheriff instead of the deputy, which are not embraced in the charges contained in the first count, it is otherwise, though intended for the recovery of damages arising from the loss of the same rights.

If the two counts are for the same cause of action, it is not easy to perceive that the statute of limitations can apply less to one than to the other. The allegation in the writ in general terms, that the sheriff is guilty of the acts, which are proved to have been done by the deputy, cannot extend the time, within which the action may be brought therefor against the former; the principal can be holden only four years for defaults of the deputy, after the cause of action accrued, whether the writ contains the general charge against him, or the special declaration, that the deputy was guilty.

The new count filed by the plaintiff is for the acts and neglects of the sheriff himself, for which the deputy is in no way officially responsible to him; the other is for the neglects of the deputy alone, for which the sheriff was once liable, upon the proof in the case, to the creditor; and the amendment was unauthorized.

*Plaintiff nonsuit.*