MARY C. ROBBINS v. ISAAC HARRIS et als.

*Probate and Privy Examination—Description of Land in a Deed—Amendment.*

1. The privy examination of a *feme covert* which sets out that she signed the deed of her own free will and accord, and without any compulsion of her husband, is sufficient, without adding the words, " and doth voluntarily assent thereto."

2. Where under the old system, it appeared that an order was made appointing a justice of the peace to take a privy examination, it will be presumed that the justice was a member of the County Court appointed for that purpose.

3. A description of land in a deed, describing it as all the interest, right, title and claim the grantors may have in the estate of the deceased father of one of them, more particularly one undivided seventh share which descended to the grantor from her father, is sufficient to admit of parol evidence to fit the description to the thing.

4. Where the cause of action set out in the complaint was to recover land descended to the plaintiff from her father, the Court has no power to allow an amendment at the trial so as to allow the plaintiff to claim a different interest as heir of her sister, as this would be not an amendment, but substantially bringing a new suit.

(*Joyner* v. *Faulcon*, 2 Ired. Eq., 386; *Beckwith* v. *Lamb*, 13 Ired., 400; *Etheridge* v. *Ferebee*, 9 Ired., 312; *Justice* v. *Etheridge*, 86 N. C., 244; *Gilbert* v. *James*, 86 N. C., 244; cited and approved).

CIVIL ACTION, tried before *Boykin, Judge*, at Fall Term, 1886, of IREDELL Superior Court.

The Court having intimated that on the evidence the plaintiff could not recover, she submitted to a nonsuit, and appealed.

The facts appear in the opinion.

*Messrs. M. L. McCorkle* and *D. M. Furches*, for the plaintiff.
*Mr. C. H. Armfield*, for the defendants.

SMITH, C. J.   The complaint alleges, " that the plaintiff is the owner of an undivided one fifth of the following piece or tract of land, lying in the county of Iredell and State of North Carolina, in and near the town of Mooresville in said county, joining lands or lots of John Moore, Robert McPherson and others, and known as the William Brawley tract, and which descended to the plaintiff from her father, William Brawley "; and further, that the defendants, who, with those under whom they claim, have been in possession and in the pernancy of the profits for more than twenty years, still retain and wrongfully refuse to surrender the premises.

The defendants' answer puts in issue the plaintiff's title, and this seems to have been the only subject-matter in controversy, though no formal issue is shown in the record to have been prepared and submitted to the jury, as we have repeatedly said must be done.

Upon the trial, and in support of the defence, the defendants offered in evidence a deed executed in August, 1845, by the plaintiff and her husband William, since deceased, to William A. Brawley, wherein they sell, release, and quitclaim to him and his heirs, property thus described : " All the interest, right, title and claim they may have in the estate of her father, William A. Brawley, deceased, more particularly an undivided seventh share, which descended to said Mary Catharine from her father, of all the lands of his estate, and also such share of the personalty as they are entitled to in said estate."

The probate of the deed is in this form :

"STATE OF NORTH CAROLINA,⎱ *Court of Pleas and Quarter*
   IREDELL COUNTY.          ⎰   *Sessions,*
                                   August Term, 1845.

The execution of the within deed was duly acknowledged in open Court.   It is recorded and ordered to be registered.
   Test:                       J. F. ALEXANDER, *Clerk.*

" Ordered by the Court, that A. C. McIntosh, Esq., be appointed to take the private examination of Mary C. Robbins,. separate and apart from her husband, William Robbins,. touching her voluntary execution of the within deed.

Test:                              J. F. ALEXANDER, *Clerk.*

' Pursuant to the above order, I certify that I proceeded to take the examination of Mary C. Robbins, separate and apart from her husband, who declares that she signed the within deed freely and voluntarily, and of her own will, without any coercion or compulsion on the part of her said husband.

In testimony whereof, I have hereunto set my hand and seal, this 19th day of August, 1845.

A. C. McINTOSH, J. P. [Seal.]

Registered 29th September, 1845."

Objection was made to the introduction of the deed, and to its efficacy, upon the ground of an insufficient probate, and the indefiniteness of the description of the land, the interest in which it purports to convey.

The objection was overruled, the Court holding the probate to be sufficient to pass the plaintiff's estate, and the land capable of location by parol and other proof of ownership and possession in the deceased intestate. To this ruling the plaintiff excepts.

I. The form of probate :

The cases of *Joyner* v. *Faulcon*, 2 Ired. Eq , 386–392 ; *Beckwith* v. *Lamb*, 13 Ired., 400 ; and *Etheridge* v. *Ferebee*, 9 Ired., 312, fully sustain the ruling of the Court, and the sufficiency of the proceedings in proof of the execution of the deed to pass the estate of the *feme covert* in the land. In the last case, in answer to similar exceptions, the Court says PEARSON, J., speaking in its behalf: " A deed is acknowledged by husband and wife in open Court—two justices of the peace there-

upon take the privy examination, and report to the Court, and the Court acts upon the report. The inference is irresistible, that the two justices were members of the Court appointed for that purpose."

It is also decided, that a declaration of the *feme* upon her private examination, that she signed the deed "with her own free will and accord, and without any compulsion of her husband," is sufficient without adding "and doth voluntarily assent thereto." Nor does the order in which the entries appear affect the result. These are but parts of one transaction, taking place at one and the same sitting of the Court, and together form a complete record. *Joyner* v. *Faulcon, supra.*

II. The descriptive words:

They are such as, when it is shown what lands were owned by the intestate, and from whom the descended share conveyed is derived, to designate and locate as fully as if more minutely described as to place, quantity, boundary, or other particular. In wills, this is not an uncommon form of devise, and whether by will or deed, it is only necessary so to refer to the subject, that its *identity* can be ascertained with the aid of evidence "fitting the description to the thing described." upon the maxim, "*id certum est, quod certum reddi potest,*" cited in *Justice* v. *Eddings,* 75 N. C., 581, and other cases.

A description quite as vague as that in the present case, was held to be sufficient in *Gilbert* v. *James,* 86 N. C., 244–249, the words being, "all their right, title, interest and claim they have now, or may hereafter have, in and to the estate, personal and real, belonging to the estate of Solomon Martin, deceased, Nancy Meadows being a daughter of Solomon Martin, deceased, and they being heirs to one fourth of the real estate, there being three other children, and one fifth of the personal estate, there being a widow also."

III. Finding herself unable to recover the one fifth share demanded in the complaint as "descended to the plaintiff

from her father, William Brawley," her counsel asked leave to amend, so as to include the share coming to her from two deceased sisters, one of whom died in 1842, the other in 1859, unmarried and under age. This was refused, the Court being of opinion that the power to allow it was not conferred.

The action was instituted on July 20th, 1885, when these estates could have been embraced in the complaint, and were omitted. The amendment would have introduced a new cause of action, and changed the essential nature of the controversy as prosecuted up to the trial. It would have been in effect to convert defeat into success, and if the practice was tolerated, would be to subvert and displace the pleadings, and produce uncertainty and confusion. It is a case of failure of proof; *The Code*, §271, and irremediable under §273. While the refusal was eminently proper as an act of discretion not reviewable, the exercise of the power is not allowed in cases where such results follow.

There is no error, and the judgment must be affirmed.

No error. Affirmed.