Filed April 28, 1892.

---

No. 319.

## VANCE v. THE CITY OF FRANKLIN.

NEGLIGENCE.—*Knowledge of Defect in a Highway or Bridge.—Burden to Show Care in Avoiding the Danger.*—The mere fact that a traveller knows a highway or bridge is defective will not preclude a recovery by him for an injury sustained in attempting to use the way or bridge in a proper manner, unless the danger is so great that no person of ordinary prudence would voluntarily encounter it; but if the danger is of such a

character that a prudent man would not decline to encounter it, the plaintiff must show that he used a degree of care proportioned to the danger which he knew was before him before he can recover.

SAME.—*Interrogatories to Overturn General Verdict, What is Not Sufficient.*— Special findings of the jury that the plaintiff lived near a defective bridge, from which he fell at night, and was injured; that it had been in the same condition a year and a half, that he had seen it frequently and had seen persons use it, that he knew its condition on the night he passed over it and was injured, knew it had no rails or guards, that he used no light and that the outlines of the bridge were not so obscured by the darkness at the time that he could not, by reasonable use of his powers of sight, have seen such outline, does not show such contributory negligence as to override a general verdict for the plaintiff.

From the Johnson Circuit Court.

*S. P. Oyler* and *W. A. Johnson*, for appellant.

*W. J. Buckingham, E. F. White, W. T. Pritchard, W. C. Thompson* and *J. C. McNutt*, for appellee.

ROBINSON, C. J.—This action was commenced by the appellant against the appellee to recover damages for an injury to her person caused by the carelessness and negligence of the appellee, by the improper construction and maintenance of a bridge upon a street and sidewalk in the city of Franklin, in consequence of which, and by reason whereof, the appellant was injured, etc. Among the allegations in the complaint are the following:

That on the night of the 15th day of March, 1890, on a certain street of said city, known as Adams street, and on the sidewalk along the north side thereof, and at a point on said street immediately adjacent to the point of intersection of said street with Main street, the appellee had erected and maintained, and caused to be erected and maintained, for ten years immediately preceding said night of March 15, 1890, a wooden bridge or crossing twenty-five feet in length and ten feet in width, with its north side bordering up to and along the north line of said sidewalk, said bridge or crossing forming and being said street and sidewalk at said point over a certain gulley, ravine and running stream, the bottom of

which at said point was on said night,and for ten years immediately previous thereto had been, ten feet below the surface of said bridge or crossing, and the sides thereof were lined to the bottom of said bridge with large rocks and bowlders; that upon said night, and for ten years previous thereto, the appellee negligently left said bridge or crossing open, unguarded and exposed without lights, guards, railing, fencing, or other protection of any kind, and of all of which appellee had due notice; that during all of said time said Adams street and said sidewalk was much used and travelled by the citizens of said city; that on said night aforesaid, about 8 o'clock P. M., appellant was lawfully travelling along and upon said Adams street and sidewalk, and by reason of said sidewalk, bridge or crossing being left open, unguarded and unprotected in the manner aforesaid, she was accidentally, and without any fault or negligence upon her part, violently precipitated off and from said sidewalk, bridge and crossing down into said stream, and upon said rocks and bowlders, whereby and because of which she was greatly injured on her head, limbs, shoulders, arms, sides, body and internally, and made sick, sore and lame, and so remained, and had been made to suffer great pain and anguish of body and mind, and had been made permanently sick and lame for her natural life, and had been put to great expense in employing nurses and physicians and in buying medicines in the sum of two thousand dollars. Wherefore, demand for judgment, etc.

The appellee answered by general denial.

The cause was tried by a jury, who returned a general verdict in favor of the appellant for $500, and also answers to interrogatories that had been propounded to the jury by the court upon the request of the appellee. Upon the return of the verdict of the jury the appellee moved for judgment in her favor upon the answers to the interrogatories, notwithstanding the general verdict of the jury for the appellant, which motion was sustained by the court, and judg-

ment was rendered for the appellee, to which ruling the appellant excepted.

The errors assigned by the appellant are :

1. That the court erred in sustaining the motion of the appellee for judgment in her favor upon the special findings of the jury, notwithstanding the general verdict.

2. That the court erred in overruling the motion of the appellant for a new trial.

The facts specially found by the jury were as follows:

" No. 1. How far is the north side of the bridge in question from the house where the plaintiff lived at the time of the alleged injury ?  Ans.  Ninety to one hundred feet.

" No. 2. How long had the plaintiff lived at the place of her residence at the time of alleged injury ?  Ans.  From October, 1888, to March 15, 1890.

" No. 3. Had the bridge in question remained in the same conditition continuously for one and one-half years immediately before the time of the alleged injury ?  Ans.  Yes.

" No. 4. Had the plaintiff frequently seen persons passing over the bridge, and did she frequently see the bridge in question during the time she lived at the place where she resided at the time of the alleged injury ?  Ans.  Yes.

" No. 5. Did the plaintiff, on the same evening of her alleged injury, and prior thereto, pass over the bridge in question on foot?  Ans.  Yes.

" No. 6. Did the plaintiff, at the time of her alleged injury, have knowledge of the condition of the bridge in question ?  Ans.  Yes.

" No. 7. Did the plaintiff, at the time of her alleged injury, know that there were no guards or railings at the north side of the bridge in question ?  Ans.  Yes.

." No. 8. Did the plaintiff, on the night of the alleged injury, provide herself with a light or any other assistance to guide herself across the bridge in question ?  Ans.  No.

" No. 9. Were the outlines of the bridge so obscured by the darkness at the time she attempted to cross the same that

she could not, by the reasonable use of her powers of sight, have seen such outlines? Ans. No."

The law is settled that a special finding overrides the general verdict only when both can not stand, and this antagonism must be apparent upon the face of the record before the court can be successfully called upon to direct judgment in favor of the party against whom a general verdict has been rendered by a jury upon their oath. Every reasonable presumption should be indulged in favor of the correctness of the general verdict, which is presumed to have been rendered upon the substantial merits of the matters in controversy. It is also the duty of the court to reconcile, if possible, the general verdict with the answers to the interrogatories, for it is settled that if a special verdict can, by any hyphothesis, be reconciled with the general verdict, the latter will control, and the court will not render judgment against the party in whose favor the general verdict is rendered. It is also settled that while all reasonable presumptions will be indulged in favor of the general verdict, nothing will be presumed in support of the special findings of fact. *Indianapolis, etc., R. R. Co.* v. *Stout,* 53 Ind. 143; *Grand Rapids, etc., R. R. Co.* v. *Ellison,* 117 Ind. 234; *Kuhns* v. *Gates,* 92 Ind. 66; *Redelsheimer* v. *Miller,* 107 Ind. 485; *Cincinnati, etc., R. R. Co.* v. *Clifford,* 113 Ind. 460; *Perry* v. *Makemson,* 103 Ind. 300; *Baldwin* v. *Shuter,* 82 Ind. 560; *Rice* v. *Manford,* 110 Ind. 596.

When the jury are required, by direct and unambiguous questions, to return answers pertinent to the particular facts in issue, each answer, unless it is clearly inconsistent with some other relating to the same subject, is to be regarded as stating the exact truth in respect to the particular fact or proposition embraced in the question, and where it appears by the answers, construed together, that the facts or some one of the facts essential to support the general verdict are directly inconsistent and in irreconcilable conflict with the general verdict, it becomes the plain duty of the

court to accept the facts specially found as true and to render judgment accordingly.    *Chicago, etc.,R. R. Co.* v. *Hedges,* 118 Ind. 5, and cases cited.

In an action like the one at bar, the law is well settled that there can be no recovery if the plaintiff's negligence or want of care contributed in any way to the injury complained of.

Negligence consists in the omission or commission of some act which a reasonable and careful man would or would not do.

There are many decisions of the Supreme Court upon the questions involved in this case. Without citing each particular case, it is sufficient to say it has been held that, " if a person knows there is an obstruction in a street and he attempts to pass the place when, in consequence of the darkness of night or of the rise of the water over the street, he can not see the obstruction, he has no reason to complain of the injury he may receive on such occasion."

In an action to recover for an injury received in driving over a bridge alleged to be dangerous to all who should pass on the same, it was said " The law is well settled that if the plaintiff or his servant knew of the condition of the bridge when the team and wagon was driven upon it, he can not under such circumstances recover."

In an action for an injury sustained from a defect in the defendant's road, it was held that the plaintiff's knowledge of such defect before driving into it precluded a recovery on the ground of contributory negligence.

In another case it was held " If the plaintiff knew the opening or cellar way in a sidewalk, and he attempted to pass the place where it was, when, in consequence of the darkness of the night, he could not see it, he has no legal reason to complain of the injury he received on account of the fact that the opening or cellar way was there. In such cases he must be treated as having taken the risk upon himself, and this, too, although at the time the fact of the existence of the opening

was not present to the plaintiff's mind." There are many cases coming up to a recent date sustaining the foregoing.

There are recent decisions of the Supreme Court to the effect that a person is not obliged to forego travel on a highway which he knows to be dangerous, but may proceed, and if he uses proper care, and is injured, may recover. But the care in such case to avoid the injury must be in proportion to the danger he might encounter by reason of the defect or obstruction.

Knowledge that there is a defect in a highway making it dangerous to attempt to travel upon it does not, of itself, make it negligence to use the highway carefully and cautiously. Knowledge of the existence of a dangerous place does, however, make it incumbent upon the traveller to use care and caution proportionate to the danger which he knows lies in his way. *City of Indianapolis* v. *Cook*, 99 Ind. 10, and cases cited.

In *Nave* v. *Flack*, 90 Ind. 205, the question of what amount of knowledge on the part of the plaintiff will bar a right of recovery on the ground of contributory negligence is fully discussed. That case makes a broader and more satisfactory solution of the question than any of the cases cited, and states the law to be that "The mere fact that one who has a right to use a way, knows that there is a dangerous place in it, will not, of itself, preclude a recovery for injuries received in attempting to use the way in a proper manner. Knowledge is always an important matter for consideration, but it does not always establish contributory negligence. If one undertakes to pass a known danger so great that no person of ordinary prudence would voluntarily encounter it, then he is guilty of contributory negligence, for no one possessing knowledge of danger has a right to go upon a way which ordinarily prudent men would avoid. If, however, the danger is known, but it is not of such a character as that a prudent man would not decline to encounter it, then the attempt to pass it, is not, in and of itself, such negligence as

will defeat an action. Where there is a known danger of the character just indicated, one who attempts to pass it must show that he used a degree of care proportioned to the danger which he knew was before him. If he fails to show a degree of care commensurate with the magnitude of the danger, he can not recover for injuries received in attempting to pass it."

In the determination of the case at bar, upon the questions involved in the answers to the interrogatories, we can properly only have reference to the case before us. It would be a very difficult undertaking, perhaps an impossible one, to lay down a general principle that should even control similar cases where the circumstances are not precisely the same.

The rule of law is, however, well established as to the weight to be given to special findings of fact, when it is asked that they shall override the general verdict of a jury, and it is under this well established rule of law that we must determine whether the special finding of facts in this case were sufficient to override the general verdict of the jury. The answers to the interrogatories, as heretofore set out, show the following facts:

Nos. 1 and 2 shows that plaintiff had lived about 100 feet from the bridge for one and one-half years.

No. 3, that the bridge had been for one and one-half years in the same condition that it was at the time the injury was received.

No. 4, that plaintiff had seen the bridge frequently, and seen persons frequently passing over it.

No. 5, that the plaintiff had passed over the bridge on foot the evening she was injured.

No. 6, that she knew the condition of the bridge.

No. 7, that she knew there were no rails or guards at the north side or end of the bridge.

No. 8, that on the night of the injury plaintiff did not provide herself with any light or other assistance to guide her on the bridge.

No. 9, that the outlines of the bridge were not so obscured by the darkness at the time, that she could not by the reasonable use of her powers of sight have seen such outline.

The answers to the first seven interrogatories, in effect, go to show appellant's knowledge of the bridge, and of its defective condition, but do not establish contributory negligence, but, in case contributory negligence existed, would form a chain in the evidence proving it. Under these answers, if the danger was known, and it was of such a character that a prudent person would not decline to encounter it, then an attempt to pass it would not in and of itself constitute such negligence as would defeat the action. There is nothing in the answers to the interrogatories that shows that prudent persons declined to enter upon and cross the bridge in question, but the presumption, from the facts found, is to the contrary. It therefore follows that if appellant is chargeable under the special findings of facts with contributory negligence, and it will thereby override the general verdict, such negligence must arise out of the special findings that appellant had knowledge of the defective condition of the bridge, and, as found in special finding No. 8, that on the night of the injury plaintiff did not provide herself with any light or other assistance to guide her on the bridge, and in No. 9, that the outlines of the bridge were not so obscured by the darkness at the time that she could not, by the reasonable use of her powers of sight, have seen such outline.

If the finding that appellant did not provide herself with any light or other assistance to guide her on the bridge stood alone, it would constitute a fact that would tend to show negligence, but the 9th finding dispenses with this necessity and relieves appellant from negligence on this account.

Where it is found " that the outlines of the bridge were not so obscured by the darkness at the time that she could not, by the reasonable use of her powers of sight, have seen such outline; if such was the condition of the bridge, appellant surely should not be charged with negligence in failing

to provide herself with a light, and the condition of the bridge would not be such that a prudent person would decline to pass it. There is an apparent inconsistency in the 8th and 9th answers to the interrogatories.

If the ruling of the trial court, upon the motion for judgment in favor of the appellee, upon the answer of the jury to the interrogatories, notwithstanding the general verdict in favor of the appellant can be sustained, it must be sustained upon the answer of the jury to the 9th interrogatory. This answer was to the effect that the outlines of the bridge were not so obscured by the darkness at the time appellant attempted to cross the same that she could not have, by her powers of sight, seen such outlines. While it may be true that the appellant may have been able to have seen the outlines in the bridge, and doubtless this fact induced her to attempt to cross the bridge, it is not apparent from this answer to the interrogatory as to how an ability to see the outlines of the bridge would have averted the injury. It seems that, in order to make this question clear, appellant must have been able to have seen the bridge and not the outlines. It was the bridge that appellant was attempting to cross, and if the bridge itself was obscured in darkness, and not protected by railing, it is easy to see how the injury may have happened to the appellant when it would not have happened had it been protected by railing. When the rule that all reasonable presumptions will be indulged in favor of the general verdict, and nothing will be presumed in support of the special finding of fact is applied to the answers of the jury to the interrogatories in this case, it renders them insufficient to override the general verdict.

The court erred in sustaining the appellee's motion for judgment in its favor on the special finding of fact, notwithstanding the general verdict. Having reached this conclusion it is not necessary to consider other questions in the case.

The cause is reversed, with instructions to the court below

to render judgment in favor of the appellant, upon the general verdict of the jury, in accordance with this opinion, at appellee's costs.

Filed Feb. 4, 1892; petition for a rehearing overruled May 14, 1892.