## FLEMING *v.* CITY OF ANDERSON.

[No. 5,472. Filed November 28, 1905. Rehearing denied April 27, 1906. Transfer denied January 8, 1907.]

1. LIMITATION OF ACTIONS. — *Amendments.* — *New Cause.* — An amended complaint setting out a new cause of action may be barred by the statute of limitations, though the original complaint was filed within the statutory limit.  p. 344.

2. ACTION. — *Complaint.—Amendments.—New Cause.—Cities.—Streets.—Excavations.—*An amended complaint alleging that a city negligently made an excavation in a street and negligently failed to place signal lights thereby does not allege the same cause of action as an original complaint alleging that an independent contractor made such excavation and that such city negligently permitted it to remain unguarded in the street, thereby causing plaintiff's injuries.  p. 345.

3. NEGLIGENCE.—*Damages.—Cities.—Contractors.—Contracts.—*A contract between a city and a contractor, whereby such contractor promised to place proper signal lights at excavations made by him in the street, imposes upon such contractor the primary liability to respond for damages caused by his failure, the city being liable also to persons injured thereby.  p. 347.

4. SAME. — *Cities.* — *Remedy Over.* — *Damages.—Contractors.—Judgment.—*Where a city is compelled to pay damages because of a contractor's negligence, it has its remedy against him for such damages; and if he is given notice of the action against it, he is bound by the judgment rendered therein.  p. 347.

5. JUDGMENT. — *Res Judicata.* — *Contractors.* — *Cities.* — *Negligence.—*A judgment for a contractor, in an action against him for damages for negligence in excavating and keeping unguarded a trench across a sidewalk in a city, is a complete defense for such city in an action by the same plaintiff against such city for the same cause.  p. 348.

6. SAME.—*Res Judicata.—Cities.—Negligence.—*A judgment for defendant, in an action against him for damages for negligently excavating and leaving unguarded a trench in a street, is no defense for a city in an action against it for its sole negligence in excavating and leaving unguarded such trench.  p. 348.

7. AMENDMENTS. — *Complaint.* — *When Permitted.* — Amendments to a complaint are permissible where the cause of action is not changed nor the defendant deprived of any defense which he had to the original action.  p. 349.

From Superior Court of Madison County; *Henry C. Ryan,* Judge

Action by Elizabeth Fleming against the City of Anderson. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Bagot & Bagot,* for appellant.
*Bartlett H. Campbell,* for appellee.

BLACK, P. J.—Elizabeth Fleming, the appellant, brought her action in March, 1900, against the appellee, to recover damages for a personal injury caused by appellant's falling into an open ditch across a sidewalk along which she was walking on the night of October 14, 1898. Such proceedings having been had that plaintiff recovered judgment, the defendant appealed to the Supreme Court. The judgment in favor of the plaintiff was reversed. See *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 66 L. R: A. 119. The opinion of the Supreme Court on that appeal, on the return of the cause to the court below, was spread of record, and is included in the transcript before us. On the return of the cause to the trial court an amended complaint was filed, October 6, 1903. To this amended complaint the appellee answered in a number of paragraphs, in one of which was pleaded the statute of limitations. If it can properly be said that in the amended complaint the appellant stated a cause of action different from that stated in the original complaint, the judgment herein must be sustained.

In general, an amendment of a complaint relates to the commencement of the action; but, if the amendment sets up a claim or a title not previously asserted, against which the statutory period of limitation has run, the statute of limitations may be invoked successfully. *Lagow* v. *Neilson* (1858), 10 Ind. 183; *Hawthorne* v. *State, ex rel.* (1877), 57 Ind. 286; *School Town of Monticello* v. *Grant* (1885), 104 Ind. 168; *Fleenor* v. *Tag-*

gart (1888), 116 Ind. 189; *Chicago, etc., R. Co.* v. *Bills* (1889), 118 Ind. 221; *Blake* v. *Minkner* (1894), 136 Ind. 418.

The nature of the cause of action stated in the original complaint is shown in the opinion of the Supreme Court, before mentioned, rendered on the former appeal.

2.    That complaint is also before us as part of the answer setting up the statute of limitation, and in the evidence herein. In that pleading it was alleged, amongst other things, that prior to the time of the appellant's injury, October 14, 1898, the city made and entered into a contract with Charles L. Henry for the improvement of the street in question (Eleventh street) and the sidewalks thereof on each side of the same, by grading, leveling and paving the street, and grading, leveling and constructing a cement sidewalk on each side thereof, and by placing curbstones along the sides of the street and along the sides of intersecting streets and alleys to the property line on each side of the street; that by the terms of the contract the parties thereto agreed that the improvement should be made by Henry under the supervision of the city civil engineer, and that the work should be carried on at the times and places as directed by said engineer, and that during the construction of the improvement Henry should maintain the sidewalks along the street safe for travel by the general public, and should and would maintain red lights, and, if necessary, watchers at all places of danger along the street; that afterward, October 14, 1898, the agents and employes of Henry, in the construction of the improvement, dug and made a deep excavation across the sidewalk along the south side of the street, at a place where the street is intersected on its south side by a certain alley described; that this excavation extended entirely across the sidewalk, and was two and one-half feet deep and one foot wide; that the appellee, with full knowledge and no-

tice that this excavation was so made across the sidewalk, carelessly and negligently caused, allowed, and permitted the excavation to be and remain in and across the sidewalk in and through the darkness of the night of that day, without any guard, signal, or warning of danger to the traveling public; that it was a public sidewalk in the city, used as a footway by the general public, and was much traveled by the public; that the excavation across it was of such a character as to render the sidewalk dangerous and unsafe for travel, and such as greatly to endanger the life, limbs, and safety of persons traveling upon the sidewalk in the night-time; that said night was dark, and the appellant was traveling along the sidewalk on foot and in the ordinary way, without any notice or knowledge of the excavation, and was in the use and exercise of ordinary care for her own safety, and was unable to see or observe the excavation by reason of the darkness of the night, and the carelessness and negligence of the appellee in failing to guard or protect the same, or to place any light, signal, or warning of any kind at or in the locality thereof, or causing the same to be done; that while she was so walking she fell into the excavation, whereby she was injured, etc.—stating her injuries—wholly by reason of the carelessness and negligence of the appellee as aforesaid, etc.

In the amended complaint there was no mention of Henry or any contractor or third person; but it was alleged that the appellee negligently and carelessly dug and made the excavation across the sidewalk. It was alleged that the appellant was traveling on foot along the sidewalk, and, being unable to see or observe the excavation by reason of the darkness of the night, and by reason of the carelessness and negligence "of the defendant" in failing to guard or protect the same, or place any lights, signal, or warning of any kind in the locality thereof, or causing the same to be done, she fell into the excavation, etc. In

other respects the amended complaint was like the original complaint, which was examined and held sufficient on the former appeal.

In the original complaint there was no allegation that Henry did or omitted anything negligently by the use of that word, nor was there any charge of negligence in or about the making of the excavation, which was alleged to have been made by the agents and employes of Henry "in the construction of the improvement." It was alleged that the city, with knowledge and notice that the excavation was made, negligently caused, allowed, and permitted it to remain through the darkness of the night without any guard, signal, or warning of danger to the traveling public, and that the appellant was unable to see the excavation by reason of the darkness and the negligence in failing to guard it, and that she fell in and was injured by reason of the negligence of the appellee as aforesaid. The only negligence so designated was negligence in failing to guard the excavation at night, which was charged as negligence of the city, but, upon the facts stated, Henry, the contractor, owed the city the duty to guard the excavation so made by him in the prosecution of his work under the contract, and the failure to guard the excavation so rightfully made was a failure of Henry to perform a duty which he owed both to the city and to the traveler injured by reason of the absence of guards, signals, and warning. Under the circumstances stated in the original complaint, as between Henry and the city, the primary liability was upon Henry. Though the city would be liable, it would be entitled to recover over against Henry, and, if he were duly notified by the city of the action, the judgment obtained against the city would be conclusive in its favor against the contractor. *City of Anderson* v. *Fleming, supra.*

If the injured person were not entitled to recover from the contractor, she would not be entitled to recover of the

city under the circumstances stated in the original
5.   complaint; and to that complaint against the city
it would have been a good defense that in a former
action for such injury brought by the injured person
against Henry, the contractor, the latter had recovered
judgment on the merits. Such a defense was pleaded to
the original complaint and was held sufficient on the for-
mer appeal.

In the amended complaint it was charged that the city
itself negligently dug and made the excavation, and neg-
ligently caused, allowed, and permitted the excavation
which it had negligently made to remain through the dark-
ness of the night without any guard, signal, or warning,
etc.; that the appellant was traveling on foot along the
sidewalk, being unable to see the excavation by reason of
the darkness and by reason of the negligence of the ap-
pellant in failing to guard the place, etc., and fell into the
excavation and was injured, wholly by reason of the neg-
ligence of the appellee "as aforesaid."

If the city by its own negligent act and negligent omis-
sion alone caused the injury, it could not defend on the
ground that in an action against a third person
6.   alone he had been adjudged not liable. The origi-
nal complaint showed a liability of the city under
circumstances which would have authorized it to cast the
burden of the defense upon a third person, by due notice
to him; and an answer which would have been available
against the original complaint would not, without chang-
ing its allegations of facts, serve a like use in the action
under the amended complaint.

When a plaintiff sought to recover an undivided part
of land as having descended to her from her father,
and was unable under the evidence to recover on such
ground she was not permitted to amend her com-
plaint on the trial so as to claim a share in the land
as coming to her from her deceased sisters. It was

said that such an amendment would have introduced a new cause of action, and would have changed the essential nature of the controversy as prosecuted on the trial. *Robbins* v. *Harris* (1887), 96 N. C. 557, 2 S. E. 70.

When a complaint sought to charge the defendant, a railroad company, as common carrier for the loss of goods shipped over its line and destroyed by fire while in its depot awaiting delivery to another carrier, an amendment seeking to charge the company for negligence, as warehouseman was held not permissible, because the action had become barred by the statute of limitations, prior to the amendment. *People, ex rel.,* v. *Judge, etc.* (1876), 35 Mich. 227; *Anniston, etc., R. Co.* v. *Ledbetter & Farmer* (1890), 92 Ala. 326, 9 South. 73.

In *Lambard* v. *Fowler* (1845), 25 Me. 308, where the complaint originally sought to recover against the defendant as sheriff, on the ground of his responsibility for the acts of his deputy, it was held that an amendment could not be permitted by adding another count which sought recovery for other acts of the sheriff himself, though both counts were intended for the recovery of damages arising from the loss of the same rights. It was said: "The new count filed by the plaintiff is for the acts and neglects of the sheriff himself, for which the deputy is in no way officially responsible to him; the other is for the neglects of the deputy alone, for which the sheriff was once liable, upon the proof in the case, to the creditor; and the amendment was unauthorized."

In *Blake* v. *Minkner, supra,* the following was quoted from a text-book: "The principle is that where the amendment does not change the cause of action nor deprive the defendant of any defense which he had to the original suit, the plaintiff's right shall be preserved."

Judgment affirmed.