## DYER, ADMINISTRATOR *v*. THE NEW YORK CENTRAL RAILROAD COMPANY.

[No. 27,034. Filed May 11, 1938. Rehearing denied December 19, 1938.]

*McDonald & McDonald, Lockyear & Lockyear,* and *David A. Myers,* for appellant.

*Carl M. Gray,* for appellee.

FANSLER, J.—The facts in this case are the same as in the case of *New York Central Railroad Co.* v. *Dyer, Adm'r,* post 708, decided at this term. There was judgment below for the appellee, and, upon authority of *New York Central Railroad Co.* v. *Casey* (1938),

ante 464, and *New York Central Railroad Co.* v. *Dyer, Adm'r., supra,* the judgment is affirmed.

## ON PETITION FOR REHEARING.

FANSLER, J.—By his petition for rehearing, the appellant asserts that the only questions presented by the appellant in the appeal involve the action of the trial court in giving or refusing certain instructions; that the record does not purport to contain all the evidence; that the only question decided by the court in the cases, upon the authority of which this case is decided, involved the sufficiency of the evidence.

The complaint declares upon negligence on the part of the appellee in failing to maintain the highway for the full width of the public highway right of way, and upon negligence in failing to provide signals of some sort, other than statutory signals, to warn travelers that there is a train *upon* the track. Neither constitutes actionable negligence. The appellant's brief contains a condensed recital of the evidence, covering over fifty pages, which obviously includes substantially all of the evidence in the case, from which it appears conclusively that the appellee was guilty of no negligence. In view of the undisputed facts, there can be no amendment of pleadings or change of evidence that would permit the appellant to recover. No good purpose would be served by discussing the many instructions questioned. If there was error, it was harmless, since the only instruction justified under the circumstances was a peremptory instruction for the appellee.

The petition for rehearing is denied.