CITY OF GARY *v.* BONTRAGER CONSTRUCTION COMPANY ET AL.

[No. 16,943. Filed March 15, 1943.]

152

*Ellis C. Bush* and *E. J. Wiltrout*, both of Gary, for appellant.

*Edgar J. Call* and *Kenneth Call*, both of Gary, for appellees.

CRUMPACKER, J.—On the 5th day of August, 1940, the appellee Florence Renehan filed complaint in the Lake Superior Court against the appellant City of Gary and the appellee Bontrager Construction Company, seeking to recover damages for personal injuries suffered in a collision between an automobile, which she was driving along 7th Avenue in said city, and a manhole in said street which was constructed so as to protrude above the surface thereof to an extent that it constituted a hazard to vehicular traffic. The cause was venued to

the Porter Superior Court where it was submitted to a jury for trial. After the appellee Renehan had rested her case in chief, appellant moved for a directed verdict which was overruled and the trial proceeded to a verdict for said appellee against the appellant in the sum of $5,000.00, and that she take nothing from the appellee Bontrager Construction Company. Over appellant's motion for a new trial judgment was entered in conformity to said verdict and this appeal perfected. The errors assigned and not specifically waived call in question the court's refusal to direct a verdict for appellant and the overruling of its motion for a new trial.

The complaint upon which the case was tried alleges in substance that 7th avenue is a public highway in the City of Gary, a municipal corporation organized under laws of the State of Indiana. That, on September 13, 1939, said city entered into a written contract with the Bontrager Construction Company, an Indiana corporation, for the construction of a sewer and appurtenant manholes in and along said 7th Avenue. That, in the performance of said contract, said Bontrager Construction Company carelessly and negligently built a certain manhole in such a manner that it protruded above the surface of the street causing a dangerous obstruction to vehicular traffic thereon. That, while said street remained in the dangerous condition above described, the City of Gary and the contractor, Bontrager Construction Company, each failed and neglected to close the same to traffic, and each failed to install and maintain a barrier or guard of any description around said manhole or place lights or other signals thereon to warn travelers of its presence in the highway. That, on January 28, 1940, the appellee, Florence Renehan, finding 7th Avenue open to traffic drove her automobile in a careful and prudent manner along and over the

same a distance of several blocks when she collided with said protruding manhole and was severely injured as a result thereof.

As we view it, there are three charges of actionable negligence in appellee's complaint. (1) The construction of the manhole in controversy in such a manner that it constituted a dangerous obstruction in the street. This alleged negligence is charged solely against the appellee Bontrager Construction Company. (2) The failure of both the City of Gary and Bontrager Construction Company to close the street to traffic in view of said dangerous obstruction; and (3) the failure of each to properly guard said manhole and warn travelers of its presence by lights or other proper signaling devices. In legal effect, the jury's verdict was a finding that the appellee Bontrager Construction Company was not negligent in any of these particulars and that the appellant, not being charged with negligence in the first particular, was negligent as charged in at least one of the latter two.

The appellant contends that this is a situation which the law does not tolerate and counsel argues that, the jury having found that the manhole in controversy was not constructed in such a manner as to constitute a dangerous obstruction, there could be no breach of duty on the part of the appellant in failing to close a street which was safe for travel or guard against a condition that was not dangerous. To this we cannot subscribe, ingenious as it appears to be. The undisputed evidence discloses that at the time of the accident the street had not yet been paved and that the manhole extended above the surface to accommodate a hard top of some character which could not be laid in cold weather. It was built according to specifications and it was necessary that it extend above the unfinished surface of the street.

It logically follows that the jury found that there was no negligence in the manner in which said manhole was constructed and that it did not constitute a dangerous obstruction *unless* the street were left open to travel and the manhole left unguarded by proper barriers, lights or other warning devices. Having found that failure to close the street or properly guard the obstruction was the actionable negligence in the case and that such fault was the appellant's and not that of the Bontrager Construction Company, the verdict in question logically followed.

Although the contract between the appellant and appellee Bontrager Construction Company is not in evidence, it appears from the uncontradicted testimony of the civil engineer of the City of Gary that the appellant in no way directed the method to be employed in the performance of said contract. It did not control or direct the operations of the contractor and was interested only that the finished job was in accordance with the plans and specifications, which were a part of the contract. From this testimony we believe we are justified in holding that the relationship between the appellant and the appellee Bontrager Construction Company was that of an employer and independent contractor. The definition of the term "independent contractor" most frequently quoted by authorities, is to the effect that an independent contractor is one who, in exercising an independent employment, contracts to do certain work for another according to his own methods and without being subject to the control of his employer, except as to the product or result of his work. *Casement* v. *Brown* (1893), 148 U. S. 615. *Kreipke* v. *Commissioner of Internal Revenue* (1929), (C. C. A. 8th), 32 F. (2d) 594. This definition seems to fit the situation in hand and definitely characterizes

the appellant as an employer and the appellee Bontrager Construction Company as an independent contractor.

As a general rule independent contractors are not within the purview of the substantive law governing the relations of "master and servant," "employer and employee" or "principal and agent," and authorities cited by counsel involving those relations we do not consider applicable here. Therefore, the question before us must be decided solely upon the premise that, at the time of the accident in controversy, the law governing the relationship of employer and independent contractor is controlling.

The appellant rests its contention that the verdict of the jury is not sustained by sufficient evidence and is contrary to law upon the proposition that when an independent contractor performs work for a city in a public street he owes a duty, both to the public and the city, to guard dangerous obstructions in the street made in the course of the performance of the contract; and, for a breach of this duty, both the city and contractor are equally liable to a traveler who without fault is injured thereby, but the discharge of the contractor from such liability necessarily relieves the city therefrom. That, the jury, having absolved the appellee Bontrager Construction Company of all responsibility for the accident in controversy, the judgment against the appellant must fall.

This proposition finds some support in *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 67 N. E. 443 and *Fleming* v. *City of Anderson* (1907), 39 Ind. App. 343, 76 N. E. 266. In the first of the above cases Fleming brought suit against the City of Anderson to recover damages for personal injury sustained by stepping into an excavation made by an independent contractor in one of the streets of said city. It appears that she had

theretofore sued the contractor for the same injury and had been unsuccessful. A plea of *res adjudicata* was interposed setting out such former adjudication, and a demurrer thereto was sustained. The appeal brought in question the holding of the lower court to the effect that a judgment for the contractor was not a bar to a subsequent suit against the city for the same injuries. In this case there was a provision in the contract that proper precaution should be taken by the contractor to protect the public from injury, and, by reason thereof, the Supreme Court held that, as between him and the city, the primary liability to respond in damages for failure to guard the excavation rested on the contractor. Therefore, if the city, being equally liable for the injuries complained of, were called upon to respond in damages, it would be subrogated to the rights of Fleming and could recoup from the contractor, but the judgment on the merits in the contractor's favor in Fleming's action against him, conclusively adjudged that he was not liable to Fleming or any person claiming under her for the same cause of action. The second Fleming case above cited announces the same principle of law but judgment was affirmed for the reason that between the first and second trials the appellant had amended her complaint by pleading a different cause of action growing out of the same facts, which was barred by statute of limitations. In Van Fleet, Former Adjudication, Vol. 2, § 572, p. 1159, we find the following rule enunciated, "If a town is sued for injuries caused by an obstruction *wrongfully* placed in a street by a person, he may be notified to defend, and, in such case, he will be bound by the judgment. Therefore, if he is sued in the first instance and defeats the case, the town may plead this judgment in bar of an action against it; otherwise the wrongdoer would have to defend the same cause

twice." (Our italics.) This is the holding in the Fleming cases—a holding clearly predicated on the doctrine of primary liability as between two persons equally liable to a third and its accompanying doctrine of subrogation.

Is this doctrine applicable to the case at bar? Nowhere does it appear in evidence that the appellee Bontrager Construction Company had agreed with the appellant to take proper precautions, in the performance of its contract, to protect the public from injury or to save appellant harmless from its negligent acts and, therefore, unless such is the law independent of contract, the doctrine of primary liability and subsequent subrogation has no place here.

It has been held many times in Indiana that when a city street has been rendered unsafe by the wrongful act or negligence of a third person and the city is compelled to pay for injuries caused thereby, it may recoup such damages from the wrongdoer, and, if properly notified of the original action against the city, such wrongdoer is bound by the judgment rendered therein. *McNaughton* v. *City of Elkhart* (1882), 85 Ind. 384; *Town of Centerville* v. *Woods* (1877), 57 Ind. 192; *City of Elkhart* v. *Wickwire* (1882), 87 Ind. 77; *Town of Elkhart* v. *Ritter* (1879), 66 Ind. 136; and many others. In these cases, however, the condition that made the street unsafe for travel was *wrongfully* created by a third person without the knowledge or consent of the city or under circumstances to which the doctrine of *respondeat superior* was applicable. Reason will not support the rule therein announced where the dangerous condition in the street was a necessary result of work the city had specifically contracted with such third party to do and the suit was against the city for its own negligence in respect

thereto. We have found no decisions to the contrary in this State or elsewhere.

It is our opinion therefore that, in the absence of a contractual provision holding the city harmless for the negligence of an independent contractor, the doctrine of primary liability on the part of the contractor has no place in a case where the independent negligence of both the employer and contractor is charged as the proximate cause of the injuries, and both are sued in one action. We are not entirely without authority for this position as it was held in *City of Buffalo* v. *Holloway* (1852), 7 N. Y. 493, 57 Am. Dec. 550, and note p. 553, that one who contracts with a municipal corporation for the improvement of a public street is under no obligation to the corporation properly to guard places in said street made dangerous by said work during the progress thereof, unless the contractor, by his contract, has agreed to use the necessary precautionary measures to protect the public, so necessarily if the contractor had no obligation or duty in the matter he could have no primary liability in connection therewith. While this doctrine has never been expressly repudiated in this State, it goes farther than we care to follow.

It seems sounder reasoning to say that, where the work for which a city contracts necessarily constitutes an obstruction or defect in a public highway of such a nature as to render it unsafe or dangerous for public travel unless properly guarded, and injuries result from a failure to do so, the city and the contractor is each independently negligent and equally liable—the city for its failure to maintain the street in a reasonably safe condition for travel, and the contractor for his failure to use reasonable care to guard

an obstruction or defect in the street created by his own acts. In such a situation the liability of the employer and the independent contractor is joint and several. One cannot escape liability for his *own* negligence by the employment of an independent contractor, and, in the instant case, the appellant and the appellee Bontrager Construction Company are each charged with negligence in failing to take proper precautions to protect the traveling public from a dangerous obstruction in a public street. It was the clear and unmistakable duty of the appellant to take such precautions—a duty which was imposed upon it by statute and which it could not delegate to the appellee Bontrager Construction Company. *City of Evansville* v. *Behme* (1912), 49 Ind. App. 448, 97 N. E. 565; *City of Indianapolis* v. *Cox* (1921), 76 Ind. App. 174, 132 N. E. 8; *City of Logansport* v. *Dick, Administratrix* (1880), 70 Ind. 65. No one disputed the fact that the street was open to traffic and the manhole with which the appellee Renehan collided was unguarded and unlighted. Under such a state of facts, it seems neither just nor logical that appellant should escape liability because of a verdict favorable to his codefendant in the court below.

It is possible that the verdict in favor of the appellee Bontrager Construction Company was erroneous as both it and the appellant owed the same duty to the traveling public with respect to dangerous obstructions in the street necessarily there as an incident to the performance of the contract. Neither performed its duty in that regard and why one should escape and the other held is not apparent as a matter of fact or law. However, with that question we are not concerned and certainly, in the absence of any compelling legal principle, good conscience does not permit one of two independent wrongdoers to escape because

of the unjust release of the other. As said in the beginning this is not a case involving the relations of "master and servant," "employer and employee" or "principal and agent," and therefore the doctrine of *respondeat superior* has no application. The fact that the appellant was sued for its own negligence and not that of the independent contractor, and that in such suit the contractor was joined and charged with independent acts of negligence concurring, with that of the appellant, to produce the injury complained of, takes this case out of the purview of the law announced in *City of Anderson* v. *Fleming* and *Fleming* v. *City of Anderson, supra*. Had the appellant been sued for the *sole* negligence of the appellee Bontrager Construction Company upon the theory that it could not delegate its statutory duty in respect to its streets, then a verdict against it and in favor of the construction company would be an absurdity and open to the objection that the appellant had been deprived thereby of its right of recoupment against the wrongdoer.

Such, however, is not the case in hand, and we are constrained to hold that the appellant and the appellee Bontrager Construction Company had a joint duty to perform and are jointly and severally liable for failure to perform it. *Peru Heating Co.* v. *Lenhart* (1911), 48 Ind. App. 319, 95 N. E. 680. They were sued jointly and neither can complain that recovery was had against it and not against the other. *Lake Erie, etc. R. Co.* v. *Reed* (1914), 57 Ind. App. 65, 103 N. E. 127; *Childress* v. *Lake Erie, etc., R. Co.* (1914), 182 Ind. 251, 105 N. E. 467; *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 87 N. E. 723; *Lewis* v. *Guthrie* (1916), 63 Ind. App. 8, 113 N. E. 769.

As further ground for reversal, the appellant contends that the trial court should have sustained its

motion for a directed verdict at the close of the appellee Renehan's case. In support of such contention it is urged that the record discloses contributory negligence as a matter of law.

As was said in *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 552, 24 N. E. (2d) 284

"Contributory negligence is ordinarily a question of fact for the jury. It is only where the controlling facts are not in dispute and are susceptible of but one conclusion upon the part of reasonable men, that the question becomes one of law for the court." This is the enunciation of a rule that is no longer subject to controversy in this State and therefore it must be applied in the solution of the instant question. *City of Michigan City* v. *Rudolph* (1938), 104 Ind. App. 643, 12 N. E. (2d) 970; *Olsen* v. *Edgerly* (1939), 106 Ind. App. 223, 18 N. E. (2d) 937; *New York Central R. R. Co.* v. *Casey* (1938), 214 Ind. 464, 14 N. E. (2d) 714; *Dyer, Admr.* v. *New York Central R. R. Co.* (1938), 214 Ind. 695, 14 N. E. (2d) 719.

The accident in controversy occurred after dark on the night of January 28, 1940, when the automobile appellee Renehan was driving collided with a manhole in 7th Avenue in the City of Gary which extended 9 or 10 inches above the surface of the street. At the time of the accident the City of Gary was engaged in the construction of a sewer in said street and in doing so opened a trench down its center some 12 feet wide. As sewer pipe was laid and necessary manholes constructed this trench was back filled with sand, edges of old pavement, loose stone and dirt, and topped with limestone screenings to make the street passable. Manholes were built to extend about 10 inches above this temporary surface to accommodate a permanent pavement of such nature that it could not be laid until

warmer weather. The old pavement on each side of the trench was not disturbed and, although in poor condition, could be used by vehicular traffic. The street, at the point and time of the accident, had been opened to traffic by the appellant for several weeks prior thereto and approximately 15 cars per hour passed over it although it was rough and apparent to anyone that it was under construction. The degree of the street's roughness was disputed but there is evidence that it was safe to travel over at a speed of 25 miles per hour, which is faster than the appellee was moving at the time of the accident. There were no guards or barriers about the manhole in question nor was its presence indicated by a red light or other warning device. Whether the scene of the accident was lighted by neighboring street lamps and whether there were "road under construction" signs at street intersections was much in dispute. The appellee Renehan was aware that construction work was in progress in the street but chose to proceed nevertheless. Her automobile was in good mechanical condition and its lights were effective for a distance of approximately 200 feet ahead. She looked at all times for obstructions and defects in the street but did not see the manhole with which she collided. The night was clear but in places there were patches of snow on the street.

On the basis of the above facts, we are asked to hold as a matter of law that the appellee Renehan was guilty of contributory negligence. The use of a street known to be dangerous is not negligence *per se,* unless the danger is so great that a person of ordinary care and prudence would not venture to travel on it. *Nave, et al.* v. *Flack* (1883), 90 Ind. 206; *Vance v. The City of Franklin* (1892), 4 Ind. App. 515, 30 N. E. 149. This certainly was a question for the jury

in view of the fact that the appellant had opened the street to public travel and an average of 15 cars per hour passed over it. Appellee Renehan was not obliged to forego travel on the street in question, even though she knew such travel was hazardous, provided she used care commensurate with the known danger involved. *Vance* v. *City of Franklin, supra.* It is therefore apparent that, if she is to be held contributorily negligent as a matter of law, it must be because of the manner in which she traveled on the street.

We concede it to be an established rule of law that a traveler upon the public highway is bound to look where he is going and to observe what is in plain view and a failure to do so is contributory negligence as a matter of law. It affirmatively appears from the evidence in this case that the appellee Renehan *did* look where she was going and her fault, if any, in meeting the requirements of the rule, was her failure to see the obstruction that caused her injuries. If it can be said that, under all the circumstances surrounding her at the time, she was bound to see the obstruction in the street in time to avoid colliding therewith and that reasonable men cannot escape the conclusion that she did see it, she is properly chargeable with contributory negligence as a matter of law. It must be remembered the obstruction that caused the accident was not to exceed 10 inches in height. There were many depressions in the street and patches of snow on its surface and it is reasonable to infer that one of such obscured the obstruction from "plain view." It is true that she could have used the strip of pavement to the right of the temporary street surface, but there is no evidence that she knew of its existence.

It is our opinion that the controlling facts pertinent to the care the appellee Renehan exercised for her own

safety will reasonably support more than one conclusion and the question of contributory negligence was properly submitted to the jury.

Finding no error in the record, judgment is affirmed.

Draper, J., not participating.

NOTE.—Reported in 47 N. E. (2d) 182.