Cecil **HUME**

v.

**Frank TRAPP and Marshall Carter,**
**d/b/a Madison Street Cafe.**

**No. IP 56–C–144.**

United States District Court
S. D. Indiana, Indianapolis Division.

Jan. 15, 1957.

Robert H. VanBrunt, Indianapolis, Ind., for plaintiff.

Armstrong, Gause, Hudson & Kightlinger, by Harry L. Gause, Indianapolis, Ind., Jeffrey & Jeffrey, by George R. Jeffrey, Indianapolis, Ind., for defendants.

STECKLER, Chief Judge.

This matter is before the court on the defendants' motion to have the court reconsider its previous ruling denying defendants leave to bring in a third-party defendant. The plaintiff's complaint, omitting references to certain defendants as to whom the plaintiff has dismissed, alleges that the remaining defendants owned and operated a restaurant, that the plaintiff while patronizing the restaurant was injured when he fell in a hole on their parking lot, and that

his injuries were the result of the defendants' negligence in failing "to use ordinary care to provide for the safety of their customers * * *."

The defendants moved for leave to bring in a third-party defendant, attaching a proposed third-party complaint, which alleges that the defendants as owners and operators of the restaurant had orally contracted with another to do certain work on their parking lot, that he was an independent contractor, and that any injuries suffered by the plaintiff were "due solely to the acts of the third party defendant" and, if any acts of negligence proximately causing the injuries complained of are proved, they would be the acts of the third party and were not caused by negligence of the defendants. Leave to bring in the third-party was denied in view of the law in Indiana with respect to contribution from a joint tort-feasor, and it is reconsideration of this ruling that the defendants now seek.

The disposition of this matter involves both procedural and substantive considerations. Procedurally, it is to be noted that, while the proposed third-party complaint prays judgment against the third-party defendant for any judgment suffered by the defendants, it alleges only a denial of their own liability and an assertion that the third-party defendant's negligence was the sole proximate cause of the injuries complained of. This deficiency seems more than a technicality that can be aided by the usually liberal view of pleadings taken in the federal courts, since, by amendment in 1946, an existing express provision in Fed.Rules Civ.Proc. rule 14, 28 U.S.C.A. for tendering the plaintiff an additional defendant, as in effect attempted here, was deleted. Moore's Federal Practice, ¶ 14.01 [1] ¶ 14.15 (2d ed. 1948).

Defendants, however, in their brief on the motion to reconsider do not talk in terms of sole proximate cause but of indemnity in cases of "constructive" and "primary" liability among joint tort-

feasors, and a consideration of the substantive law seems worthwhile. Each of the cases which are cited involves a dangerous condition created on a public way, and, thus, all seem clearly distinct from this situation where the rights and duties which are involved are those relative to the relationship between the owner or occupier of private land and those whom he invites upon it for business purposes.

"The only Indiana case found which involves private individuals alone," according to defendants' brief, "is the case of Ryan v. Curran, 64 Ind. 345 * *." This case involved not only a private individual but one as an owner of land; the dangerous condition, however, was created on a public sidewalk, on which his land abutted, and not a private parking lot where the public was invited. The question, moreover, was not the owner's right to indemnity from an independent contractor but whether the breach of any duty owed by the owner of the land was alleged; the importance of this difference was relied upon by the court, at page 351, when it distinguished a prior dictum. Finally, the result is not rationalized in terms of "primary" and "constructive" liability but on a rule dividing absolutely responsibility between independent contractors and their employers. This rule, it will be seen, has been much developed since 1878, when the Curran case was decided. The exception, noted in Curran, had virtually swallowed the rule by 1928. Scott Const. Co. v. Cobb, 86 Ind.App. 699, 159 N.E. 763, 765. And by 1943 an important refinement is noted, City of Gary v. Bontrager Const. Co., 113 Ind.App. 151, 47 N.E.2d 182. In this opinion prior cases are divided into (a) those where the dangerous condition has been created by the *wrongful* act of a third person (or, apparently, the "primary" and "constructive" liability theory) and (b) those where a contract exists and its performance will necessarily result in the creation of a dangerous condition. The court says that in the absence of

a contractual provision for indemnity in the second class of cases "One cannot escape liability for his *own* negligence by the employment of an independent contractor * * *." 47 N.E.2d 182, 187. Whether such a contractual provision must under federal practice be pleaded is fairly another question. The third-party complaint, however, elaborately details the legal effect of the contract without hinting that there was an agreement to indemnify.

It must be borne in mind that the sufficiency of an original complaint is not being questioned here; rather a motion for leave to implead a third party is involved and, as such, is addressed to the court's discretion.

The court, therefore, having carefully reconsidered the defendants' motion for leave to bring in a third-party defendant and being fully advised in the premises, now

Affirms its prior ruling denying leave to bring in the third-party defendant.